**McCREA, Plaintiff-Appellee, v. McCREA, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22487.   Decided September 22, 1952.

Baker & Baker, Cleveland, for plaintiff-appellee.
Hyman J. Blum, Cleveland, for defendant-appellant.

## OPINION

Per CURIAM:

This case has been appealed to this Court on questions of law from a decision of the Common Pleas Court of Cuyahoga County in which the plaintiff wife was granted a divorce from her husband, the defendant appellant herein. and was granted custody of an eight year old daughter.

The transcript discloses that the petition for divorce and custody was filed on February 6, 1950, and personal service was made upon the defendant a few days thereafter. On February 15, 1950, an answer and cross-petition was filed by the defendant and personal service was obtained upon plaintiff. The transcript further shows that the case came on for hearing in the trial court on December 12, 1951 and evidence was presented. The defendant was personally present in court with counsel, but his answer and cross-petition was withdrawn prior to the hearing. No journal entry was signed by the court until January 14, 1952, but the court indicated at the hearing on December 12, 1951, that a divorce would be granted the plaintiff and custody of the minor child awarded to her. On January 5, 1952. prior to signing of a journal entry by the court, a motion was filed by the defendant requesting the court to state in writing its conclusions of fact found separately from the conclusions of law. The transcript reveals that counsel representing defendant in this motion of January 5, 1952, was not the same counsel who had originally filed the answer and cross-petition in behalf of defendant. We may also add that plaintiff appellee in this court is likewise represented by counsel different from the counsel representing her at the trial on December 12, 1951.

The transcript shows that on Janupary 14, 1952, a journal entry was filed in the trial court granting a divorce to plaintiff and custody of the child born of the marriage. An award of $70.00 per month was also made

to plaintiff for the support and maintenance of the child. The journal entry signed by the court was approved by the then attorney for plaintiff and also apparently by the firm of attorneys who originally represented defendant. The journal entry fails to state in writing the conclusion of fact found separately from the conclusions of law. As to whether the journal was actually presented to new counsel for defendant who had filed the motion for the separate findings of fact and conclusions of law, is not shown in the transcript, but at the time that present counsel for defendant filed the motion for separate findings of fact and conclusions of law on January 5, 1952, two other motions were filed by this attorney, one to vacate the entry granting a divorce to plaintiff and to reinstate defendant's answer and cross-petition and the other a motion for new trial. Each of the three motions bears endorsement stating that a copy was left at the office of the attorney of record for plaintiff. The transcript fails to show any ruling by the trial court at any time on any one of the three motions.

On February 2, 1952, a notice of appeal was filed by counsel for defendant from the judgment of the trial court of January 14. 1952, the appeal being based on questions of law. Five assignments of error on the part of the trial court are charged, but a decision on the first two assignments of error appears to us to be determinative of the case.

The first assignment of error on the part of defendant appellant is that the trial court erred in failing to state in writing the conclusions of fact found separately from the conclusions of law.

The second assignment of error is that the trial court's refusal to make separate findings of fact and law were prejudicial to the rights of the defendant appellant herein.

We believe that the law is too well settled upon this point for us to need to state it at length. We call attention to the case of **Bittman v. Bittman, 129 Oh St 123,** declaring that under §11421-2 GC, a request for separate findings of fact and conclusions of law made after submission of the case and after the trial court has announced its decision, but before the journal entry is signed by the court, is seasonably made. The case also holds that §11421-2 GC, applies as well to actions for divorce as to other civil actions. This case states the present law of Ohio. See, also, **Levick v. Bonnell, 137 Oh St 453,** declaring that §11421-2 GC, confers a substantial right and that the denial of that right constitutes error, requiring reversal of the judgment unless it can be determined that the party requesting the separate findings of fact and conclusions of law was not prejudiced by the failure of the court to comply with the seasonable and proper request of counsel under the statute. Since there is no bill of exceptions in the case, defendant appellant has clearly been prejudiced by the failure of the trial court to comply with the timely request for separate findings of fact and conclusions of law.

Holding the view expressed, we find it necessary to reverse the judgment of the trial court and to order a retrial and it becomes unnecessary for us to pass upon the other assignments of error alleged.

The judgment of the trial court is reversed and the cause remanded for further proceedings according to law. Exceptions noted. Order see journal.

SKEEL, PJ, HURD, J, THOMPSON, J, concur.