WEIKERT, Plaintiff-Appellee, v. WEIKERT,
Defendant-Appellant.

Ohio Appeals, Second District, Champaign County.

No. 133.   Decided March 27, 1954.

Gibbs & Gibbs, Donald M. Gibbs, of Counsel, Urbana, for
plaintiff-appellee.
Harvey Crow, Urbana, for defendant-appellant.

## OPINION

By MILLER, J.:
.This is a law appeal from the judgment of the Common
Pleas Court decreeing a divorce to the plaintiff-appellee, dis-

posing of the marital property and denying the appellant's request for permanent alimony.

The petition set forth a cause of action for divorce on the sole ground of gross neglect of duty, the same being filed on June 11, 1952. On June 30, 1952, an answer and cross-petition was filed by English & English, Attorneys. On August 5, 1952, an application was made by Aaron J. Halloran for leave to file an amended answer and cross-petition, which was duly allowed. On August 5, 1952, an amended answer and cross-petition was filed in which the appellant denied that she had been guilty of gross neglect of duty as charged, and the cross-petition charged the appellee with extreme cruelty, prayed for a division of property and also temporary and permanent alimony.

On December 5, 1952, the appellee filed a reply to the cross-petition denying the allegations charging him with extreme cruelty. Then on December 18, 1952, Harvey Crow, the third set of counsel, appeared for the appellant in the case, filed a motion to make the petition definite and certain by stating facts which constituted the gross neglect of duty charged in the petition. This motion was overruled. which appellant urges was erroneous. Clearly the motion was well taken had it been seasonably filed, but it was not filed within the required time; hence, leave to file was necessary and the ruling upon the same rested within the discretion of the court. See Bates Pleading, 4th Ed. Sec. 408, 409 b, and 414. The Court properly exercised its discretion and committed no prejudicial error in so doing.

The next alleged errors for consideration relate to the sufficiency of the evidence and to the court's refusal to state in writing its conclusions of law in accordance with §11421-2 GC. Since there was a conflict in the testimony on many of the charges made against the appellant, we must have the court's conclusion of fact, if the appellant is entitled to the same, before we can determine whether or not the judgment is in accordance with law. Some of the acts complained of may not come under the classification of gross neglect of duty and if not should not be considered.

In considering the appellant's rights to have the court's conclusions of law and fact it becomes necessary to inquire into the time the application was made. If it was seasonably filed, failure to give the same constituted reversible error. Now the record discloses that on July 25, 1953, at approximately 11:00 A. M. counsel for the appellee presented to counsel for appellant an entry journalizing the court's decision; that counsel for appellant refused to approve the same and soon thereafter it was filed with the Clerk without the knowledge

of opposing counsel. At 1:35 P. M. of the same day the appellant filed her application for conclusions of law and fact, which was denied.

Affidavits were filed by each of counsel from which we determine that each knew several weeks prior to the date of filing that the court verbally announced it would grant a divorce to the appellee and suggesting that the parties attempt to arrive at an agreement as to property rights. An attempt was made to do so but resulted in failure; hence, counsel for the appellee prepared the entry and filed the same as aforesaid.

The record discloses that counsel for the appellant had no prior knowledge as to the manner in which the property was to be distributed.

It is urged that the entry was prematurely filed as the rule of court provides that opposing counsel shall approve or reject the same within three days after its submission to them. It therefore appears that the entry was prematurely filed; that the appellant should have the full three day period in which to file her application for conclusions of law and fact under §11421-2 GC.

In the case of **Levick v. Bonnell, 137 Oh St 453,** the Court held that such an application was timely filed when it was filed the day following that of the judgment entry when it was filed without being submitted to opposing counsel. In **Fisk v. Glechoff, 61 Abs 597, paragraph 3** of the syllabus provides:

"Where the judgment of the Municipal Court of Cleveland was entered in the absence of the parties and upon notice of the entry of such judgment the plaintiff, on the day following the court's notice of entry of judgment, filed a request for separate findings of fact and conclusions of law, such request, even though made after judgment, is timely and should be granted."

In **Bauer v. Cleveland Railway Co., 141 Oh St 197,** our Supreme Court held that §11421-2 GC confers a substantial right, is mandatory and refusal in a proper case to comply with the same is reversible error unless it appears from the record that the party making the request is not prejudiced by the refusal. We think from the evidence in this case that the requested conclusions were proper and the court's failure to make such finding constituted prejudicial error.

We do not pass upon the other assigned errors at this time for the reason that, until the facts are determined. we can not tell whether or not those are prejudicial which are found to be well made. The application for temporary alimony will also be passed until the Court's conclusions are properly filed.

260

We have reached the conclusion that it is not necessary to re-try this case, but that it is only necessary to reverse and remand the same with instructions to the trial court to make findings of fact and conclusions of law and to vacate the judgment and re-enter the same as of the date of the filing of such findings of facts and conclusions of law, thus reserving to the parties their respective rights of appeal after such findings have been made. An entry may be made accordingly.

WISEMAN, PJ, HORNBECK, J, concur.

## ON APPLICATION FOR REHEARING

No. 133.  Decided April 19, 1954.

## OPINION

By THE COURT:

This is an application for a rehearing for the reason that the Court was in error in stating that counsel for appellee drew the entry; that the same was drawn by the Court and filed with knowledge of the appellant. These facts do not change the law applicable to the issues involved. The application will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.