## CROW, Disbarment, In re.

Ohio Appeals, Second District, Champaign County.

No. 138. Decided December 17, 1955.

Reed M. Winegardner, Washington C. H., J. Harvey Crow, Cleveland, In Propria Persona for appellant.

Richard P. Faulkner, Edwin L. English, Russell B. Holding, Urbana, D. H. Jackman, London, for the Committee.

(FESS, J, of the Sixth District; GRIFFITH and NICHOLS, JJ, of the Seventh District, sitting by Special Assignment.)

## OPINION

By GRIFFITH, J.

On February 5, 1955, charges were preferred against J. Harvey Crow in the Common Pleas Court of Champaign County, which charges were prepared by four attorneys theretofore appointed by the Common Pleas Judge as a committee to investigate and, if there is probable cause, to submit and prosecute the same. Three members of the committee were from Champaign County, and the fourth was from the neighboring County of Madison.

The complaint was for misconduct and unprofessional conduct in office involving moral turpitude and was supported by 11 specifications. On February 14th, a copy of these charges, certified by the Clerk, was served upon appellant at his office at 1409 N. B. C. Building, Cleveland, by registered mail; also on February 14, 1955, the Sheriff of Cuyahoga County served J. Harvey Crow by personally handing to him a true and certified copy of the charges for disbarment.

On February 23rd, the case was assigned for trial by order entered on the journal. Time fixed was April 18, 1955. Appellant was notified of the date fixed. On April 16th, appellant filed the following motion:

"Now comes J. Harvey Crow for the purpose of this motion, and for no other purpose and not intending to submit to the jurisdiction of this court and without submitting himself to the jurisdiction of this court; and not intending to enter an appearance in this cause but appearing especially for this motion, moves the court to set aside the summons issued herein against him, and to quash the service of summons made on him and the return of the Sheriff thereon for the following reasons.

"1. That the venue of said action is not in Champaign County.

"2. That the legal residence of said J. Harvey Crow at the time of filing said petition was and now is in Cuyahoga County, Ohio.

"3. That said J. Harvey Crow maintained an office for the practice of law and at the time of filing said petition did and for a long time

prior thereto did maintain an office in Cuyahoga County, Ohio for the practice of law.

"4. That service of summons was made upon said J. Harvey Crow at his office 1409 N. B. C. Building, Cleveland, Ohio, by the sheriff of Cuyahoga County, Ohio.

"5. That this is an action in personam and personal service is necessary.

"6. That said action must be maintained in the county that personal service can be made.

"7. That no personal service was made in Champaign County, Ohio.

"8. That the venue of said action is in Cuyahoga County, Ohio.

"9. That the statutes of Ohio do not provide for service in a foreign county in this action.

"That said motion will be heard upon Affidavits hereto attached to said motion and others that might be filed with the permission of said court.

J. Harvey Crow
_____

Reed M. Winegardner
_____

Attorneys for J. Harvey Crow"

At the time of the filing of the motion, appellant filed affidavits and brief. The affidavit of the Clerk of the Board of Elections of Cuyahoga County was to the effect that the appellant was an elector of Cuyahoga County on February 5, 1955.

The affidavit of Max E. Gustin, an attorney at Cuyahoga County, was to the effect that the appellant has offices at 1409 N. B. C. Building and had had the same for ten years past, and the affidavit of the appellant himself was to the effect that for a long period of time prior to February 5, 1955, he had been a resident and voter of Cuyahoga County.

The Committee prepared a brief and filed it on Monday morning, April 18th and also filed affidavits of the Common Pleas Judge, the Probate Judge, and the Prosecuting Attorney of Champaign County, the substance of which affidavits was to the effect that the appellant is presently practicing law in Champaign County and has numerous cases pending in each court.

When the Court convened at 9:30 A. M., on April 18th, appellant did not appear but was represented by Attorneys Reed M. Winegardner and Frank L. Nevius, who argued the motion to quash.

After consideration thereof, the court overruled this motion. Motion then was made for a continuance, and the same was overruled. Numerous motions were made by counsel for the appellant testing the preliminary matters of jurisdiction, venue and service, continuances of trial, etc.

On Tuesday morning, April 19th, the appellant appeared in person at the trial and demurred to the first specification which, after consideration thereof, was sustained by the Court, but various motions were overruled.

Trial was carried on during April 19th and 20th, then adjourned to

May 9th; it then carried through May 13th and, at the close of that day, the Court found the appellant guilty on specifications 2, part of 4, all of 5 and 7, announcing its decision at about 5:00 P. M. of that day.

In this appeal, there are 34 errors assigned, the first of which reads:

"The Court erred in overruling the motion filed by J. Harvey Crow to quash the service of summons made upon the said J. Harvey Crow, he having appeared especially for said motion."

The motion goes to the matter of venue. It asserts that the venue of this action is not in Champaign County since the appellant, at the time of the filing of the charges, was a resident of Cuyahoga County and practicing law there.

Venue means the county in which the action is brought for trial This proceeding is brought pursuant to §4705.02 R. C., which reads:

"The Supreme Court, court of appeals, or court of common pleas may suspend or remove an attorney at law from office or may give private or public reprimand to him as the nature of the offense may warrant, for misconduct or unprofessional conduct in office involving moral turpitude, or for conviction of a crime involving moral turpitude. Such suspension or removal shall operate as a suspension or removal in all the courts of the state. The clerk of court upon such suspension or removal shall send a copy thereof to the supreme court. the court of appeals, and to the federal court of the district in which said attorney resided at the time of trial for such action as is warranted. Judges of such state courts are required to cause proceedings to be instituted against an attorney, when it comes to the knowledge of any judge, or when brought to his knowledge by the bar association of the county in which such attorney practices that he may be guilty of any of the causes for suspension, removal or reprimand."

While the statute does not state where the proceedings shall be filed, we do know, from a reading of the record, that the actions of misconduct alleged occurred in Champaign County; that the appellant on February 5, 1955, was a resident of Cuyahoga County and, further. that he was on that date, a practicing attorney in Champaign County representing clients having numerous cases pending in the Courts of that county.

We find and hold that the proper place of the trial of this case was in Champaign County. There was no error on the part of the Trial Court in holding that the venue of this action laid in Champaign County.

The second error assigned reads:

"That the Trial Court erred in holding that it had jurisdiction in this action."

Did the Trial Court have power or authority to hear and determine this cause? In the **Lieberman Case, 163 Oh St 35, Syllabus 1** reads:

"A proceeding to suspend or remove an attorney at law from office is strictly statutory and constitutes an action at law only, and the only appeal provided in such proceeding is one on questions of law."

**Sec. 4705.03 R. C.,** requires personal service. The record discloses that a copy of the written charges filed against the appellant. stating

the ground of complaint, was served upon him at or about the time the same were filed.

Appellant contends that this being a civil action in personam, §2307.30 R. C. applies. Appellant was not served in Champaign County but was served by the Sheriff of Cuyahoga County, the county where he resides. Service was had upon him, but he is complaining because it was made on him in Cuyahoga County instead of Champaign County.

The practice of law is state wide in its operation. Appellant was an officer of the Court of Champaign County; had practiced there for years and is still practicing there, and the service on him was sufficient, the venue properly laid in Champaign County, and the Court had complete jurisdiction over both the person and the subject matter.

We find no merit to the first three assignments of error.

Coming now to the fourth assignment of error which reads:

"That the Court erred in failing to comply with the motion to make a separate finding of fact and conclusion of law filed by the appellant."

The Trial Court announced its decision on May 13th at about 5:00 P. M., by the reading of the journal entry which the Court prepared. The Clerk of Courts Office was then closed. On May 14th at 8:10 o'clock A. M., this journal was filed in the Clerk's Office. At 10:40 A. M. of the same day, the appellant filed his written motion for separate findings of fact and conclusions of law, as provided by §2315.22 R. C. At 11:25 o'clock of the same day, the appellant filed notice of appeal which reads as follows:

"Now comes J. Harvey Crow and hereby gives notice of appeal to the Court of Appeals for the Second District of Ohio from the judgment rendered by the Court of Common Pleas in the above entitled action on the 14th day of May, 1955. This appeal is on questions of law. J. Harvey Crow."

The partial bill of exceptions before this Court failed to reveal any action by the Trial Court on this motion, and there are no separate findings in the record. Failure of the Court to make the requested findings equates its refusal so to do. The filing of the notice of appeal is not inconsistent with the filing of a request for findings since the request is with a view of excepting to the Court's decision upon questions of law involved in the trial.

Sec. 2315.22 R. C., is mandatory. In the case of **Levick v. Bonnell, 137 Oh St 453**, the Court held that the application was timely filed when it was filed the day following that of the judgment entry when it was filed without being submitted to opposing counsel. True, the Court prepared this journal, and not counsel, but that fact has no bearing on the rights of this appellant.

This Court, in the case of **Weikert v. Weikert, 68 Abs 257**, has held that where a case is tried to the Court upon request of either party, the Court shall state in writing its conclusions of law and findings of fact; that this statute (§2315.22 R. C.), confers a substantial right, and it is mandatory upon the Court to comply with such requests, and the failure to do so constitutes prejudicial error unless it appears from the record that the party making the request is not prejudiced thereby.

We hold that the application for findings was timely filed, and the

filing of the notice of appeal did not operate as a waiver of the appellant's right to such findings, and the failure to make such findings constitutes prejudicial error.

A re-trial of this case is not necessary. The case is reversed and remanded to the Trial Court with directions to make findings of facts and conclusions of law and re-enter such judgment, as the case may require, as of the date the findings are filed in the Clerk's Office.

This is not a general remand for diminution of the record, but is a remand for the Trial Court to make its findings of fact and conclusions of law and goes no further back than to the point where this error was committed, to wit, failure of the Trial Court to make and journalize the conclusions of fact found separately from the conclusions of law. We are not passing on the other errors assigned. The rights of the parties to appeal, after such findings have been made and filed, are preserved.

Judgment reversed. Case remanded to the Court of Common Pleas for further proceedings in accordance with this opinion. Costs to abide final judgment.

FESS and NICHOLS, JJ, concur.