KELLER, APPELLEE, *v.* KELLER, APPELLANT.

[Cite as Keller v. Keller, 12 Ohio App. 2d 154.]

(No. 420—Decided November 21, 1967.)

*Messrs. Thrasher, Dinsmore & Dolan,* for appellee.
*Messrs. Parks & Eisele,* for appellant.

LYNCH, J. This case concerns the effect of the filing of findings of fact and conclusions of law 52 days after a notice of appeal has been filed.

The provisions of Section 2315.22, Revised Code, that when questions of fact are tried by the court, the court shall, upon request of one of the parties, state in writing the conclusions of fact found separately from the conclusions of law, provided such request is properly and timely made, confer a substantial right and are mandatory. Failure or refusal to comply with such request is ground for reversal of a judgment at the instance of the party making the request, unless it appears from the record that he was not prejudiced thereby. *Oxford Township* v. *Columbia,* 38 Ohio St. 87; *Bittmann* v. *Bittmann,* 129 Ohio St. 123; *Levick* v. *Bonnell,* 137 Ohio St. 453; *McCrea* v. *McCrea,* 70 Ohio Law Abs. 158; *Weikert* v. *Weikert,* 68 Ohio Law Abs. 257; 4 Ohio Jurisprudence 2d 463, 464, Appellate Review, Section 1119.

Defendant, appellant herein, claims that she was prejudiced, because the findings of fact and conclusions of law were filed beyond the time when a bill of exceptions could be filed as required by Section 2321.05, Revised Code, and that she is entitled to a new trial, citing *McCrea* v. *McCrea,* 70 Ohio Law Abs. 158.

In *McCrea* v. *McCrea,* 70 Ohio Law Abs. 158, there was a failure on the part of the trial judge to file a findings of fact

and conclusions of law. In the instant case, a findings of fact and conclusions of law was filed 52 days after the notice of appeal was filed; and the issue is whether defendant has been prejudiced by the length of time it took to file the findings of fact and conclusions of law.

We agree with *Weikert* v. *Weikert,* 68 Ohio Law Abs. 257, which held that it is not necessary to retry the case where the trial court refuses to state its findings of fact and conclusions of law, but that it is only necessary to reverse and remand the cause with instructions to the trial court to make findings of fact and conclusions of law and to vacate the judgment and re-enter the same as of the date of the findings of fact and conclusions of law, thus reserving to the parties their respective rights of appeal after such findings have been made.

We hold that where findings of fact and conclusions of law are timely and properly requested pursuant to Section 2315.22, Revised Code, but are filed by the trial court beyond the time when a bill of exceptions could be filed as required by Section 2321.05, Revised Code, the party making the request is not entitled to a new trial but is entitled to have the judgment reversed and the cause remanded to the trial court with instructions that the judgment be vacated and re-entered as of the date of compliance with the order of this court.

The judgment is reversed. The cause is remanded to Common Pleas Court with instructions that the judgment be vacated and re-entered as of the date of compliance with the order of this court.

*Judgment reversed.*

O'NEILL, J., concurs.
JONES, P. J., dissents.