ORLOW, APPELLANT, *v*. VILAS, APPELLEE.

(No. 11459—Decided May 24, 1971.)

*Messrs. Kelley, Grossheim & Bavely*, for appellant.
*Messrs. Ostrander, May & Seiter*, for appellee.

SHANNON, J. This is an appeal from an order of the Court of Common Pleas of Hamilton County.

Manfred O. Orlow, plaintiff and appellant herein, brought an action to recover money paid to Anthony Vilas, defendant and appellee herein, allegedly for architectural services and development costs incurred incident to an oral agreement between them. Orlow claimed that Vilas was to provide certain plans and perform architectural work, and represented to Orlow that he was ''legally and factually'' qualified to do so. Actually, it is stated, Vilas was not a registered architect and the plans delivered to Orlow were inadequate for the purpose intended. Therefore, Orlow sought to recover the sums paid to Vilas, together with punitive damages and attorney's fees.

Upon trial, Vilas testified that he never agreed to provide architectural services and represented himself to be only a contractor and civil engineer. He contended that he told Orlow he was not an architect and was to provide

preliminary drawings only sufficient to secure a loan commitment.

The court, hearing the case without intervention of a jury, decided the issues in favor of Vilas and dismissed the petition. Before the judgment entry was journalized, Orlow requested the court to set forth its findings of fact and conclusions of law and to answer interrogatories. The record discloses that the requests were not complied with, and this omission is the basis for plaintiff's seventh assignment of error. Because we believe it to be dispositive of this appeal, we shall consider such assignment first.

Rule 52, Ohio Rules of Civil Procedure, provides, in part:

"When questions of fact are tried by the court without a jury, its findings may be general for the prevailing party. Judgment may be entered if the court states in writing its findings of fact separately from its conclusions of law. Otherwise the court shall give the parties notice of its decision before entering judgment. Within fourteen days after receipt of notice of the decision a party may make a written request for the court to state its findings of fact separately from its conclusions of law. If the request is timely served upon the court, the court shall state in writing its findings of fact separately from its conclusions of law before entering judgment."

Prior to the effective date of Rule 52, a similar provision was contained in R. C. 2315.22. It read as follows:

"When the questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless one of the parties in writing requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than ten days after party filing the request learns of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

Unquestionably, R. C. 2315.22 conferred a substantial right and imposed a mandatory duty on the trial court

to make separate findings of fact and conclusions of law and that refusal to so do in response to a proper request constituted prejudicial error. See 53 Ohio Jurisprudence 2d 361, Trial, Sections 398 and 399, and cases cited thereunder.

The same conclusions must be reached in interpreting the effect of Rule 52.

In the case at bar, the request for separate findings of fact and conclusions of law was timely made in a proper case, and the failure of the court to respond constitutes error prejudicial to the plaintiff. Failure of a court to make requested separate findings of fact and conclusions of law is equivalent of a refusal to so do. See *In re Crow*, 135 N. E. 2d 903.

The purpose of separate conclusions of law and facts is to enable a reviewing court to determine the existence of assigned error. *Naso* v. *Daniels*, 8 Ohio App. 2d 42 and *Shunk* v. *Shunk Mfg. Co.*, 86 Ohio App. 467. We are thwarted in our effort to determine the validity of the several assignments of error before us by the absence of the findings and conclusions, and, therefore, the method of removal of the obstacle must be considered.

We are aware of the cogency of the principle set forth in *Keller* v. *Keller*, 12 Ohio App. 2d 154, approving *Weikert* v. *Weikert*, 68 Ohio Law Abs. 257, that a cause may be remanded with instructions to vacate the judgment and reenter it upon the rendition of the findings and conclusions rather than to order a new trial. However, we are constrained to note that the judge presiding at the trial has since retired from the bench.

Consequently, we are convinced that justice will best be accomplished by a reversal and a remand for a new trial. The order of the Court of Common Pleas dismissing the petition of plaintiff is reversed and the cause remanded for a new trial.

*Judgment reversed
and cause remanded.*

HESS, P. J., and YOUNG, J., concur.