REINECK, APPELLEE, *v.*
RANDALL [VANGUARD BOARD OF
EDUCATION], APPELLANT.

(No. S-84-3—Decided
June 8, 1984.)

*Carmen Reineck, pro se.*
*Ronald J. Mayle,* prosecuting attorney, for appellant.

DOUGLAS, J. This case comes before this court on appeal from the judgment of the Fremont Municipal Court, Small Claims Division.

On January 20, 1983, appellee, Carmen Reineck, filed a petition in the Small Claims Division of the Fremont Municipal Court against William Randall, Director of the Vanguard Joint Vocational School, seeking to recover $1,000 paid as tuition for a practical nursing course offered in the school's Adult Education Program. Randall answered and the matter proceeded, thereafter, to trial.

Prior to considering appellant's assignments of error, we note that our review of the record presents a procedural issue regarding the timeliness of the filing of the notice of appeal.

On March 24, 1983, the trial court rendered its judgment, substituting appellant, the Vanguard Board of Education, in place of Randall as defendant, granted judgment in favor of appellee (for an amount later determined to be $1,000), in writing, on a document entitled "Judgment Entry," and signed said entry. On March 28, 1983, defense counsel filed a motion for findings of fact and conclusions of law in accordance with Civ. R. 52. On July 8, 1983, the trial court filed a "Decision and Judgment Entry," setting forth its findings of fact and conclusions of law. On July 20, 1983, defense counsel filed a motion for new trial. On December 29, 1983, the trial court denied the motion for new trial. On January 27, 1984, appellant filed its notice of appeal to this court.

App. R. 4(A) provides that:

"Appeals in civil cases. *In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from.* A notice of appeal filed before entry of such judgment or order shall be treated as filed after such entry and on the day thereof. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this subdivision, whichever period last expires.

*"The running of the time for filing a notice of appeal is suspended as to all parties by a timely motion* filed in the trial court by any party pursuant to the Civil Rules hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of the last of any of the following orders made upon a timely motion under such rules granting or denying a motion (1) *for judgment under Rule 50(B); (2) for a new trial under Rule 59.* A judgment or order is entered within the meaning of this subdivision when it is filed with the clerk of the trial court for journalization." (Emphasis added.)

Clearly, the time for filing a notice of appeal is suspended only by the timely filing of a Civ. R. 50(B) motion for judgment notwithstanding the verdict or a Civ. R. 59 motion for a new trial. However, the time for the filing of a notice of appeal does not commence to run until the entry of a final appealable order. Thus, the issue presented for our

determination is whether the timely filing of a motion for findings of fact and conclusions of law prevents an otherwise final judgment from becoming final until the filing of the findings of fact and conclusions of law by the trial court.

In *State* v. *Mapson* (1982), 1 Ohio St. 3d 217, the Ohio Supreme Court considered this issue with respect to determinations of petitions for post-conviction relief, holding, at 218, as follows:

"* * * R.C. 2953.21 mandates that a judgment denying post-conviction relief include findings of fact and conclusions of law, and that a judgment entry filed without such findings is incomplete and it thus does not commence the running of the time period for filing an appeal therefrom."

In so holding, the court reasoned, at 219, that:

"A holding to the contrary would not only defeat the purposes of R.C. 2953.21, it would also serve to increase the workload of the already overburdened and overcrowded courts of appeal and further tax the already scarce state resources. Requiring a petitioner to perfect an appeal without having findings before him *would deter judicial economy, for it would guarantee two trips to the appellate court*— one to force the findings and another to review the decision on the merits. This court has previously recognized the potential for judicial inefficiency which results when a trial court neglects to make the requisite findings. As this court noted in [*State* v.] *Lester* [(1975), 41 Ohio St. 2d 51 (70 O.O.2d 150)], at page 56, that '* * *unless the trial court makes and files findings on all issues presented, appeals may well be piecemeal; the reversal of any dismissal could require the cause to be remanded to decide issues not considered by the trial court, while the reversal of the granting of relief upon one ground might be mooted by a later appeal upon some valid ground. A

time-consuming series of appeals could well result * * *.' " (Emphasis added.)

It is clear that the provisions of Civ. R. 52 are mandatory in nature and that the failure to respond to a timely motion for findings of fact and conclusions of law constitutes prejudicial error. See *St. Paul Fire & Marine Ins. Co.* v. *Battle* (1975), 44 Ohio App. 2d 261 [73 O.O.2d 291]; *Orlow* v. *Vilas* (1971), 28 Ohio App. 2d 57 [57 O.O.2d 106].

Applying the reasoning in *Mapson, supra*, to the mandatory provisions of Civ. R. 52, we hold that where a timely motion for findings of fact and conclusions of law has been filed in accordance with Civ. R. 52, the time period for filing a notice of appeal does not commence to run until the trial court files its findings of fact and conclusions of law.

Having thus determined that this appeal is properly before this court, we shall proceed to consider the merits of appellant's assignments of error:

"I. The decision of the trial court was unsupported by the evidence and was against the manifest weight of the evidence.

"II. The trial court erred to the prejudice of appellee [*sic*] by refusing to transfer the case from the Small Claims Division to its regular docket.

"III. The trial court erred to the prejudice of appellant when it granted judgment against the Board of Education of the Vanguard Joint Vocational School District at a time when the board had not been properly made a party defendant."

Upon consideration of the record in the case *sub judice,* we find appellant's assignments of error well-taken for the following reasons:

(1) That appellee did not file a brief in this case and the court, therefore, accepts appellant's statement of the facts and issues as correct in accordance with App. R. 18(C).

(2) That the judgment rendered by the trial court is contrary to the

100

manifest weight of the evidence in that the record demonstrates that appellee enrolled in a post-high school, elective course of study in practical nursing provided to adults seeking additional training at as low a cost as possible; that a handbook setting forth the terms of the withdrawal and refund policy was provided to appellee at the time of enrollment; that appellee executed an acknowledgment, stating that she had read and understood the handbook; that appellee withdrew after completing one quarter of the program because of illness; that the policy prohibits tuition refund after that period of time; and that appellee had been offered an opportunity to reenter the program the following year, but had elected not to do so. Balancing the foregoing circumstances with the public's legitimate interest in offering such educational opportunities at a reasonable cost, we find that appellant did not act arbitrarily or unreasonably in determining the terms and conditions of its withdraw and refund policy or in enforcing said policy in this case.

(3) That the trial court erred to appellant's prejudice in denying appellant's motion to transfer the case to the regular docket of the court. See R.C. 1925.10.

(4) That the trial court erred to the substantial prejudice of appellant in substituting appellant as a defendant in place of Randall without proper notice or opportunity to prepare its defense. R.C. 1925.04 and 1925.05; Civ. R. 3(A), 4, and 4.2

On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Fremont Municipal Court, Small Claims Division, is reversed.

Pursuant to App. R. 12(B), we now enter the judgment that the trial court should have rendered: it is hereby ordered, adjudged and decreed that judgment be entered in favor of appellant and that appellee's complaint be dismissed.

This cause is remanded to the Fremont Municipal Court for execution of the judgment rendered herein and assessment of costs. Costs to appellee.

*Judgment reversed.*

CONNORS, P.J., and HANDWORK, J., concur.