Plaintiff-appellant, Victor J. Patasce, appeals the May 4, 1998 decision of the Mahoning County Court #2 dismissing his claim against defendant-appellee, Brian A. McCall, on the grounds that the claim was barred by the statute of limitations.
On March 18, 1998, appellant filed a small claim complaint against appellee. In the complaint, appellant claimed that appellee was holding appellant's speaker and sought $2,150, which sum represented the cost of a new speaker and the expense of renting a replacement speaker. On April 27, 1998, appellee asserted an affirmative defense claiming that appellant's claim was barred by the statute of limitations. On May 4, 1998, the trial court entered a judgment entry on the docket stating as follows:
 "5-4-98 Case dismissed as agreement was not in writing; that the agreement was 14 years prior and therefore outside the Statute of Limitations."
On May 11, 1998, appellant requested findings of fact and conclusions of law from the trial court. In response to this request, the trial court ordered that a copy of the above judgment entry be mailed to appellant. On May 28, 1998, appellant filed objections to the magistrate's decision. According to the docket entry for May 28, 1998, appellant was contacted by telephone and advised that an appeal would have to be filed as the decision complained of was not a magistrate's decision. The docket entry for May 29, 1998 indicates that appellant acknowledged the phone call and was advised that any appeal would have to be filed by June 11, 1998. Appellant's timely notice of appeal was filed on June 11, 1998.
Appellant filed his brief on August 10, 1998. Appellee's brief was filed on September 2, 1998. The essence of appellee's argument was that there was no record on appeal for this court to review. On September 18, 1998, appellant filed a Notice of Filing Appellant's Agreed Statement. The agreed statement of facts contained therein was not approved by the trial court. Three days later, on September 21, 1998, appellant filed a Reply Brief/Motion to Strike Appellee's Brief. The gist of this motion was that appellee should not be able to argue that appellant had not complied with App. R. 9, as appellee had himself failed to return, correct or comment on the statement of facts as required by that rule.
On September 30, 1998, this court overruled appellant's motion to strike appellee's brief, and in doing so, we stated:
 "In consideration of this appeal, this court will review the original papers, pleadings docket and journal entries filed in the trial court as well as a transcript of proceedings or App. R. 9 statement of evidence in lieu of a transcript of proceedings, provided such statement has been approved by the trial court, as required by that rule. Absent approval of the trial court, a proposed statement of evidence is not part of the record on appeal."
Since issuing this journal entry, no transcript of proceedings, statement of the evidence, or agreed statement have been properly made a part of this court's record pursuant to App. R. 9.
Appellant's three assignments of error are as follows:
 "1. THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANTS' (sic.) RIGHT TO DUE PROCESS BY RENDERING A JUDGMENT AGAINST THE MANIFEST WEIGHT OF EVIDENCE."
 "11. THE TRIAL COURT ERRED IN BARING APPELLANTS' (sic.) ACTION BASED ON STATUTE OF LIMITATIONS."
 "111. THE TRIAL COURT ERRED BY DENYING APPELLANT HIS PROPERTY BASED ON FACTS NOT BEFORE THE COURT."
Although not separately assigned, in his first assignment of error appellant claims the trial court erred in failing to respond to his request for conclusions of fact and conclusions of law.
Civ.R. 52 provides:
 "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."
The provisions of Civ.R. 52 are mandatory in any situation in which questions of fact are tried by the court without intervention of a jury. In re Adoption of Gibson (1986),23 Ohio St.3d 170, 172, (citing Werden v. Crawford [1982],70 Ohio St.2d 122). Failure to respond to a timely motion for findings of fact and conclusions of law constitutes prejudicial error.Reineck v. Randall (1984) 20 Ohio App.3d 97, 99. The purpose of separate conclusions of law and facts is to enable a reviewing court to determine the existence of assigned error. Orlow v. Vilas (1971), 28 Ohio App.2d 57, 59 Generally, the conclusions must articulate an adequate basis upon which a party can mount a challenge to, and the appellate court can make a determination as to the propriety of, resolved disputed issues of fact and the trial court's application of the law.Kroeger v. Ryder (1993), 86 Ohio App.3d 438, 442.
If a trial court's ruling or opinion, together with other parts of the trial court's record, provides an adequate basis upon which an appellate court can decide the legal issues presented, there is substantial compliance with Civ.R. 52.Abney v. Western Res. Mut. Cas. Co. (1991), 76 Ohio App.3d 424,431.
 "Only when a reviewing court can determine, without weighing the evidence, that the appellant has not been prejudiced can it conclude that failure of the trial court to make findings of fact and conclusions of law was harmless error. In all other cases, when a trial court sits without a jury, the failure to make findings of fact and conclusions of law that are timely requested by the losing party constitutes prejudicial error." St. Paul Fire Marine Ins. Co. v. Battle (1975), 44 Ohio App.2d 261, 267-68
(internal citations omitted).
In the instant case the judgment entry mailed to appellant merely reiterates the May 4, 1998 decision without making specific findings of fact and conclusions of law.
As we have already noted, there is no transcript of proceedings included as part of the record. Nor does the trial court's judgment entry provide this court with an adequate basis upon which to decide the assignments of error presented. Accordingly, we find that the trial court has failed to comply with Civ.R. 52 to the prejudicial error of appellant.
Appellant's first assignment of error has merit.
Our disposition of appellant's first assignment of error renders the remaining assignments of error premature, and therefore without merit at this time.
Accordingly, the decision of the trial court is reversed and this matter is remanded to the trial court with instructions to make findings of fact and conclusions of law and to enter judgment consistent with such findings.
Vukovich, J., concurs
Waite, J., concurs
APPROVED:
 ____________________ GENE DONOFRIO Judge