DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Bernard Clark, appeals from the judgment of the Barberton Municipal Court awarding damages to Appellee, Sherri Kimbel, and denying his request for separate findings of fact and conclusions of law. This Court reverses.
 I. {¶ 2} Few of the facts of this appeal are contained in the record before this Court. While Appellant filed an App.R. 9(C) statement of facts, the trial court did not approve that statement as it was not timely served on Appellee. Nonetheless, the parties do not dispute the majority of the underlying facts of their dispute, and we are not asked to consider those facts in this appeal.
 {¶ 3} The parties agree that Appellee hired Appellant to perform work in her kitchen which included installing cabinets and countertops. For the work he completed, 6.5 hours, Appellant was paid $137.50. The kitchen work, however, was never completed. While Appellant claims that Appellee would not permit him to finish the work, Appellee asserts that Appellant refused to return and finish the work. In addition, Appellee claims that Appellant damaged several items in her kitchen while working there. As a result, Appellee filed suit against Appellant in small claims, seeking recovery for her damaged property.
 {¶ 4} In her initial suit, Appellee was granted judgment in the amount of $1,072.50. That judgment was vacated on January 4, 2005 pursuant to Appellant's Civ.R. 60(B) motion, leading to the judgment that is the subject of the instant appeal. Prior to the trial court vacating the judgment, Appellee recovered $119.81 from Appellant through a bank garnishment. Following the trial court's grant of Appellant's Civ.R. 60(B) motion, the magistrate heard testimony from both parties. The magistrate awarded $650.00 for labor and $66.97 for materials to Appellee based upon the evidence. This amount was then reduced by the $119.81 Appellee had received from the bank garnishment. Prior to the trial court's entry of judgment on the magistrate's decision, Appellant requested that the trial court issue separate findings of fact and conclusions of law in support of its decision. The trial court declined to do so, overruled Appellant's objections to the magistrate's decision, and entered judgment in favor of Appellee. Appellant timely appealed from the judgment, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN FAILING TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ITS JUDGMENT."
 {¶ 5} In his sole assignment of error, Appellant contends that the trial court erred in failing to make separate findings of fact and conclusions of law following Appellant's written request. We agree.
 {¶ 6} We begin by noting that the trial court did not provide any rationale nor even respond to Appellant's request for findings of fact and conclusions of law. However, Civ.R. 52 provides as follows:
"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."
 {¶ 7} There is no question that Appellant timely requested findings of fact under Civ.R. 52. In addition, while R.C. Chapter 1925 governs small claims, "[t]here is nothing in R.C. Chapter 1925 which makes Civ.R. 52 inapplicable to small claims cases or which would preclude a party from obtaining separate findings of fact and conclusions of law." Ohio Valley Laundry Dry Cleanersv. Kent (Nov. 10, 1986), 4th Dist. No. 85CA24, at *1. See also R.C. 1925.16.
 {¶ 8} "The purpose of separate conclusions of law and facts is to enable a reviewing court to determine the existence of assigned error." Orlow v. Vilas (1971), 28 Ohio App.2d 57, 59. Accordingly, we find that the trial court's failure to do so following Appellant's written request constitutes reversible error. Appellant's sole assignment of error is sustained.
 III. {¶ 9} Appellant's sole assignment of error is sustained. The judgment of the Barberton Municipal Court is vacated, the cause is remanded, and the trial court is instructed to issue findings of fact and conclusions of law consistent with Civ.R. 52.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, P.J. Reece, J. concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)