TRUEX, Appellee,

v.

TRUEX, Appellant.

[Cite as *Truex v. Truex*, 179 Ohio App.3d 188, 2008-Ohio-5690.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2008CA00018.

Decided Nov. 3, 2008.

David Truex, pro se.

Leslie S. Graske, and Susan Lax, for appellant.

HOFFMAN, Presiding Judge.

{¶ 1} Defendant-appellant, Dawn Truex, appeals the December 28, 2007, January 8, and January 22, 2008 judgment entries entered by the Stark County Court of Common Pleas, Domestic Relations Division, with respect to the issues of the allocation of parental rights and responsibilities, child support, and the allocation of marital debt. Plaintiff-appellee is David Truex.[1]

## STATEMENT OF THE CASE AND FACTS

{¶ 2} David and Dawn were married on January 1, 2000, in Canton, Ohio. One child was born as issue of that union, namely, Peyton Dee Truex, who was born on March 5, 2002. David filed a complaint for divorce, alleging incompatibility and gross neglect of duty as grounds. Dawn filed a timely answer and counter-claim for divorce.

{¶ 3} The trial court appointed attorney Susan Burns as guardian ad litem for Peyton. Dawn was designated the temporary residential parent and legal custodian of the child. David was ordered to pay child support in the amount of $490.98 per month plus processing fees. Dawn was given exclusive use of the marital residence and a 2005 Nissan Ultima. David was ordered to pay all marital bills, including the mortgage, car payments, credit cards, and doctor bills, as well as his own living expenses. Dawn was ordered to pay her utilities, the Disney Vacation Club bills, her own living expenses, and her cell phone bill. David was required to maintain health insurance on himself, Dawn, and the child. The trial court did not issue an order of temporary spousal support because David was paying the bulk of the marital debt. Following a pretrial hearing on August 2, 2007, the trial court reallocated temporary custody of Peyton to David. The trial court expressed serious concerns about Dawn's failure to cooperate with Dr. Millsaps–Linger regarding parental-alienation syndrome.

---

1. David has not filed a brief in this action.

{¶ 4} The trial court scheduled the matter for trial on November 7, 2007. Two days before trial, Dawn requested a continuance because the guardian ad litem had not submitted her report relative to the issue of allocation of parental rights, nor had the psychologist completed the psychological evaluations. Dawn claimed that she needed an adequate opportunity to review the guardian ad litem's report and psychological evaluations and to conduct any necessary discovery based thereon. By a judgment entry filed November 5, 2007, the trial court overruled the motion to continue without reason. The guardian ad litem filed her report on November 7, 2007.

{¶ 5} By a judgment entry filed November 7, 2007, the trial court granted the parties a divorce upon the ground of incompatibility. The trial court approved and adopted the parties' settlement agreement, which would be incorporated into the final decree of divorce. The issues of child support, spousal support, and the allocation of debt remained unresolved, and the trial court ordered the parties to submit written arguments. The trial court noted that the shared-parenting plan was "in name only," with David having all decision-making authority. The parties filed their posthearing arguments on November 21, 2007. By a judgment entry filed December 28, 2007, the trial court issued its orders on the contested matters. The trial court ordered Dawn to pay child support in the amount of $319.12 per month plus poundage. The trial court did not award spousal support or reserve jurisdiction for any future order. The trial court determined that both parties should remain jointly and equally responsible for a State Farm credit-card debt and the Disney Vacation Club debt. David was responsible for his own attorney fees in the amount of $2,250. The trial court further ordered that the debts arising from the temporary orders be offset by Dawn upon her receiving the parties' 2006 federal income tax refund. The trial court held the parties jointly liable on those debts. Dawn filed a timely request for findings of fact and conclusions of law. By a judgment entry filed January 8, 2008, the trial court overruled Dawn's request, noting that "the court has filed its Findings of Fact and Conclusions of Law in this matter." The trial court issued its judgment entry (divorce) on January 22, 2008.

{¶ 6} It is from this judgment entry that Dawn appeals, raising the following assignments of error:

{¶ 7} "I. The trial court erred in denying appellant's motion for continuance when the expert report as to the core issue in this matter was not available to the parties with sufficient time for them to prepare.

{¶ 8} "II. The trial court erred in granting shared parenting 'in name only.'

{¶ 9} "III. The trial court erred in calculating child support and by failing to included [sic] a child support worksheet in the record to support its calculation.

{¶ 10} "IV.   The trial court erred in denying defendant's motion for findings of fact and conclusions of law.

{¶ 11} "V.   The trial court erred in ordering a division of marital property in the form of debt that is neither equal nor equitable."

I

{¶ 12} In her first assignment of error, Dawn contends that the trial court erred in denying her motion for continuance because the parties did not have sufficient time to review the psychological report.   We disagree.

{¶ 13} The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court.   *Polaris Ventures IV, Ltd. v. Silverman,* Delaware App. No. 2005 CAE 11 0080, 2006-Ohio-4138, 2006 WL 2328562, ¶ 14, citing *State v. Unger* (1981), 67 Ohio St.2d 65, 21 O.O.3d 41, 423 N.E.2d 1078. Absent an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court.   *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.   An abuse of discretion connotes more than a mere error in law or judgment;   it implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court.   *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.   "A decision is unreasonable if there is no sound reasoning process that would support that decision."   *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.

{¶ 14} In evaluating whether the trial court has abused its discretion in denying a continuance, appellate courts apply a balancing test that takes into account a variety of competing considerations:

{¶ 15} "[A] court should note, inter alia:   the length of the delay requested; whether other continuances have been requested and received;   the inconvenience to litigants, witnesses, opposing counsel and the court;   whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance;   and other relevant factors, depending on the unique facts of each case."   *State v. Unger,* 67 Ohio St.2d at 67–68, 21 O.O.3d 41, 423 N.E.2d 1078.

{¶ 16} The record reveals that the trial court ordered the parties to undergo psychological evaluations.   The parties were responsible for the payment of these services.   In her report, the guardian ad litem indicated that she spoke with Dr. Patricia Millsaps–Linger on October 31, 2007.   Dr. Millsaps–Linger informed the guardian ad litem that the psychological testing and the interviews and observations of Peyton with the parties had been completed;   however, the parties had

not paid for the services rendered. Consequently, the doctor had not filed a report with the trial court. As of August 2, 2007, Dawn had not scheduled her appointment with Dr. Millsaps–Linger.

{¶ 17} Although Dawn had not asked for any prior continuances in this matter, her actions involving her failure to undergo the court-ordered psychological evaluation affected the timeliness of Dr. Millsaps–Linger's report. Accordingly, we find that the trial court did not abuse its discretion in overruling Dawn's request for a continuance.

{¶ 18} Dawn's first assignment of error is overruled.

### III

{¶ 19} For ease of discussion, we shall address Dawn's remaining assignments of error out of order. In her third assignment of error, Dawn argues that the trial court erred in calculating child support because the trial court failed to include a completed child-support-computation worksheet.

{¶ 20} At the time a trial court orders child support, a child-support-guideline-computation worksheet must be completed and made a part of the trial court's record. See *Cutlip v. Cutlip*, Richland App. No. 02CA32, 2002-Ohio-5872, 2002 WL 31412399, at paragraph 7, citing *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, at paragraph one of the syllabus; R.C. 3119.022.[2] Failure to complete and include the worksheet in the record constitutes reversible error. *McClain v. McClain* (1993), 87 Ohio App.3d 856, 858, 623 N.E.2d 242. The guideline amount is rebuttably presumed to be the correct amount of child support due, although deviation from the guidelines is addressed in the worksheet. See *Marker* and R.C. 3119.03; R.C. 3119.022.

{¶ 21} Herein, the trial court did not include a child-support-guideline worksheet as part of the January 22, 2008 judgment entry (divorce). Such a failure constitutes reversible error.

{¶ 22} Dawn's third assignment of error is sustained.

### IV

{¶ 23} In her fourth assignment of error, Dawn maintains that the trial court erred in denying her motion for findings of fact and conclusions of law.

{¶ 24} Civ.R. 52 provides:

---

2. We note that *Marker* addresses former R.C. 3113.215, which the General Assembly repealed on March 22, 2001. However, the modern version of the support-guideline statute, R.C. 3119.022, continues to mandate that a court or agency calculating child support "shall use a worksheet." Therefore, we find the rule of *Marker* applicable to R.C. 3119.022.

{¶ 25} "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.  * * *."

{¶ 26} We acknowledge that a trial court need not issue findings of fact when its decision is based solely on conclusions of law.  However, the provisions of Civ.R. 52 are mandatory when questions of fact are determined by the court without a jury.  *Werden v. Crawford* (1982), 70 Ohio St.2d 122, 124, 24 O.O.3d 196, 435 N.E.2d 424; *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 377, 632 N.E.2d 889, 893.  Thus, when pursuant to Civ.R. 52, a party requests the court to reduce its findings of fact and conclusions of law to writing in an action tried without a jury, the court has a mandatory duty to do so.  *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 173, 23 OBR 336, 492 N.E.2d 146.  " 'The purpose of the rule is * * * to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment.' " Id., 23 Ohio St.3d at 172, 23 OBR 336, 492 N.E.2d 146, quoting *Werden*, 70 Ohio St.2d at 124, 24 O.O.3d 196, 435 N.E.2d 424.

{¶ 27} We also recognize that a trial court may substantially comply with Civ.R. 52 when its judgment adequately explained the basis for the decision. *Strah v. Lake Cty. Humane Soc.* (1993), 90 Ohio App.3d 822, 836, 631 N.E.2d 165. "The purpose of separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned error.  * * * If the [trial] court's ruling or opinion, together with other parts of the trial court's record, provides an adequate basis upon which an appellate court can decide the legal issues presented, there is * * * substantial compliance" with the procedural rule requiring the court to make separate findings of fact and conclusions of law. *Abney v. W. Res. Mut. Cas. Co.* (1991), 76 Ohio App.3d 424, 431, 602 N.E.2d 348. The test for determining whether a trial court's opinion satisfies the requirements of Civ.R. 52 is whether the contents of the opinion, when considered together with other parts of the record, form an adequate basis upon which to decide the narrow legal issues presented. *Werden v. Crawford*, 70 Ohio St.2d 122, 124, 24 O.O.3d 196, 435 N.E.2d 424.  Findings and conclusions "must articulate an adequate basis upon which a party can mount a challenge to, and the appellate court can make a determination as to the propriety of, resolved disputed issues of fact and the trial court's application of the law." *Kroeger v. Ryder* (1993), 86 Ohio App.3d 438, 442, 621 N.E.2d 534.

{¶ 28} After reviewing the record and the judgment entry in this case, we find that neither the record nor the trial court's ruling provide this court with a sufficient basis from which we can make a determination whether the trial court's judgment constituted an abuse of discretion.

{¶ 29} Because the designation of a residential parent and legal custodian, the calculation of child support, and the allocation of marital debt necessarily involve the determination of factual issues, we find that the provisions of Civ.R. 52 are applicable. Because the trial court's entries fail to provide an adequate basis upon which this court can review the matter, we find that the trial court's denial of Dawn's request for findings is reversible error.

{¶ 30} Dawn's fourth assignment of error is well taken.

## II and V

{¶ 31} As explained above, this court cannot properly evaluate Dawn's second and fifth assignments of error without the trial court's findings of fact. Having sustained Dawn's fourth assignment of error, we find assignments of error two and five to be premature.

{¶ 32} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed, and the matter is remanded for further proceedings consistent with this opinion and the law.

Judgment reversed
and cause remanded.

GWIN and EDWARDS, JJ., concur.