[Cite as *Larson v. Larson*, 2011-Ohio-6013.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

SCOTT W. LARSON,

    PETITIONER-APPELLEE,              CASE NO.  13-11-25

    v.

DIANA L. LARSON,                    O P I N I O N

    RESPONDENT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Domestic Relations Division
Trial Court No. 11 DR 0219

**Judgment Reversed and Cause Remanded**

Date of Decision:   November 21, 2011

APPEARANCES:

    *Richard A. Kahler*  for Appellant

    *Dean Henry*  for Appellee

**PRESTON, J.**

{¶1} Respondent-appellant, Diana L. Larson (hereinafter "Diana"), appeals the Seneca County Court of Common Pleas' judgment granting petitioner-appellee, Scott W. Larson (hereinafter "Scott"), a civil protection order pursuant to R.C. 3113.31. For the reasons that follow, we reverse.

{¶2} On July 26, 2011, Scott filed a petition for a civil protection order pursuant to R.C. 3113.31 against his former wife, Diana, with the Seneca County Court of Common Pleas. (Doc. No. 2). On that same day, the magistrate issued an ex parte civil protection order, using Form No. 10.01-H. (Doc. No. 4). The ex parte order was signed by the trial court judge that same day. (Id.).

{¶3} A full hearing on the petition was scheduled for August 1, 2011, but, on July 27, 2011, Diana moved for a continuance of the hearing. (Id.); (Doc. No. 6). On July 29, 2011, the magistrate granted the continuance and rescheduled the full hearing for August 5, 2011. (Doc. No. 8). The full hearing was held on August 5, 2011 and a further hearing was held on August 16, 2011 before the magistrate. (Doc. No. 12).

{¶4} On August 16, 2011, the magistrate granted the petition for a civil protection order, using Form No. 10.01-I. (Doc. No. 15). The trial court judge signed the order that same day. (Id.). The order was filed on August 17, 2011, and

it gave notice to the parties that the same constituted a final, appealable order. (Id.).

{¶5} On August 22, 2011, Diana filed a motion requesting that the magistrate prepare a magistrate's decision pursuant to Civ.R. 53 and further requesting that the magistrate issue findings of fact and conclusions of law. (Doc. No. 16). On August 24, 2011, the magistrate denied the motion. (Doc. No. 18).

{¶6} On September 2, 2011, Diana filed a notice of appeal. (Doc. No. 19). Diana now appeals raising one assignment of error for our review.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN GRANTING JUDGMENT OF ORDER OF PROTECTION WITHOUT A PREFATORY MAGISTRATE'S DECISION, CONTRARY TO THE TRIAL COURT'S ORDER OF REFERENCE AND RULE 53 OF THE OHIO RULES OF CIVIL PROCEDURE.**

{¶7} In her sole assignment of error, Diana argues that the trial court erred by granting the domestic civil protection order without having the magistrate first issue a "magistrate's decision" under Civ.R. 53. Diana further argues that the trial court erred by denying her motion for findings of fact and conclusions of law and, thereby, effectively denying her right to file objections.

{¶8} Since this case requires the interpretation of a civil rule, it presents a question of law we review de novo. *Wedemeyer v. U.S.S. F.D.R. (CV-42) Reunion Assoc.*, 3d Dist. No. 1-09-57, 2010-Ohio-1502, ¶9, citation omitted. De novo

review is independent and without deference to the trial court's determination. *Wilson v. AC&S, Inc.*, 169 Ohio App.3d 720, 2006-Ohio-6704, 864 N.E.2d 682, ¶61; *In re J.L.*, 176 Ohio App.3d 186, 2008-Ohio-1488, 891 N.E.2d 778, ¶33.

> **{¶9}** Sup.R. 10.01(C) provides:

> **In every case in which the domestic relations division of a court of common pleas issues or approves an ex parte civil protection order, a full hearing civil protection order, or a consent agreement pursuant to section 3113.31 of the Revised Code, the court shall use,** *as applicable***, forms that are** *substantially similar* **to "Forms 10.01-H through 10.01-J."**

(Emphasis added). Civ.R. 53(D)(3)(a)(i), on the other hand, provides that "a magistrate shall prepare a magistrate's decision respecting any matter referred under Civ.R. 53(D)(1)." Concerning the form of a magistrate's decision, Civ.R. 53(D)(3)(a)(iii) provides:

> **A magistrate's decision shall be in writing,** *identified as a magistrate's decision in the caption***, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed.** *A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).*

(Emphasis added). Concerning the specificity of a magistrate decision, Civ.R. 53(D)(3)(a)(ii) provides, in relevant part:

> **\* \* \* a magistrate's decision may be general *unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law*. A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision *or within seven days after the filing of a magistrate's decision*.**

(Emphasis added).

{¶10} On April 13, 2011, the Seneca County Court of Common Pleas filed an Order of Reference, pursuant to Civ.R. 53(D)(1)(a), authorizing Magistrate Kenneth C. Clason "[t]o hear all domestic relations cases, including but not limited to \* \* \* civil protection orders[.]" (Order No. 11 MS 0175, § (I)(6)(c)). "R.C. 3113.31(G) explains that the Ohio Rules of Civil Procedure apply to proceedings for civil protection orders. Consequently, these proceedings may be heard by a magistrate *as provided by Civ.R. 53*." *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049-M, 2009-Ohio-3139, ¶10 (emphasis added). Diana does not dispute the magistrate's authority to hear petitions for civil protection orders; but rather, Diana argues that the magistrate must still proceed under Civ.R. 53, regardless of the forms promulgated under Sup.R. 10.01. Therefore, the issue presented in this case concerns the intersection of Civ.R. 53, governing magistrates generally, and Sup.R. 10.01(C), requiring the domestic relations divisions of the courts of common pleas to use "forms that are substantially similar to 'Forms 10.01-H through 10.01-J'" when issuing or approving civil protection

orders. Specifically, the issue presented here is whether a magistrate's use of Form 10.01-I *as written* complies with Civ.R. 53. We conclude that it does not.

{**¶11**} As the Court of Appeals for the Ninth District has recognized, Form 10.01-I contemplates magistrates hearing domestic civil protection petitions "by providing space for the signature of a magistrate and, immediately to the right of the magistrate's signature line, a second signature line for the judge beneath the phrase 'APPROVED AND ADOPTED.'" *Tabatabai*, 2009-Ohio-3139, at ¶10. However, Form 10.01-I lacks a designated space in the case caption to note that the decision was a "magistrate's decision," and, more importantly, Form 10.01-I lacks any warning to the parties of the consequences of failing to file objections— both necessary items under Civ.R. 53(D)(3)(a)(iii). Since Form 10.01-I fails to meet these Civ.R. 53 requirements, a magistrate issuing a domestic civil protection order under R.C. 3113.31 may not simply use Form 10.01-I as written.

{**¶12**} Sup.R. 10.01(C) was drafted in such a way to avoid this procedural problem, because it does not require the domestic relations division to use the *exact* forms found in 10.01-H to 10.01-J, but rather, "forms that are *substantially similar* to 'Forms 10.01-H through 10.01-J.'" (Emphasis added). See *Tabatabai*, 2009-Ohio-3139, at ¶36 (Whitmore, J., dissenting). Consequently, Sup.R. 10.01(C) permits magistrates to modify Form 10.01-I to comply with Civ.R. 53 when he/she issues a civil protection order. The only caveat is that the modified

form be "substantially similar" to Form 10.01-I. See id. Therefore, a magistrate could comply with both Sup.R. 10.01(C) and Civ.R. 53 simply by adding the necessary Civ.R. 53(D)(3)(a)(iii) language to Forms 10.01-H through 10.01-J when issuing their decisions.

{¶13} As noted above, we find no conflict between Civ.R. 53 and Sup.R. 10.01(C); however, to the extent that Civ.R. 53 and Sup.R. 10.01(C) can be read to conflict, Civ.R. 53 prevails. As the Court in *State v. Gettys* noted:

> **\* \* \* whereas rules of procedure adopted by the Supreme Court require submission to the legislature, rules of superintendence are not so submitted and, hence, are of a different category. They are not the equivalent of rules of procedure and have no force equivalent to a statute. They are purely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants.**

(1976), 49 Ohio App.2d 241, 243, 360 N.E.2d 735. Likewise, the Court in *Krupansky v. Pascual* stated "[t]he Superintendence Rules are applicable only so long as they are not in conflict with statute *or other governing Supreme Court rules*." (1985), 27 Ohio App.3d 90, 92, 499 N.E.2d 899 (emphasis added), citing *Berger v. Berger* (1981), 3 Ohio App.3d 125, 443 N.E.2d 1375.

{¶14} The magistrate sub judice issued his decision using Form 10.01-I *as written*. By doing so, the magistrate failed to comply with Civ.R. 53(D)(3)(a)(iii) because Form 10.01-I *as written*: (1) fails to designate that the decision was a "magistrate's decision" in the case caption; and (2) fails to give the parties notice

of the consequences of their failure to object within fourteen days. If a magistrate fails to provide the parties with notice of the requirement to file objections, the aggrieved parties, at a minimum, are relieved from Civ.R. 53(D)(3)(b)(iv)'s waiver rule and are permitted to raise their arguments for the first time on appeal. *Chibinda v. Depositors Ins.*, 12th Dist. No. CA2010-09-254, 2011-Ohio-2597, ¶37, citing *D.A.N. Joint Venture III, L.P. v. Armstrong*, 11th Dist. No. 2006–L–089, 2007-Ohio-898, ¶¶22-23 and *Ulrich v. Mercedes–Benz USA, L.L.C.*, 9th Dist. No. 23550, 2007-Ohio-5034, ¶15. Diana did not raise any arguments on appeal except the magistrate's failure to abide by Civ.R. 53, as discussed above, and the magistrate's failure to issue findings of fact and conclusions of law. Since Diana's argument on appeal is procedural, we believe the appropriate remedy here is to reverse the trial court's decision so Diana can file objections to the magistrate's decision. See *OSI Funding Corp. v. Huth*, 5th Dist. No. 06AP120068, 2007-Ohio-5292, ¶¶19-29.

{¶15} A reversal in this case is further warranted since the magistrate refused to issue findings of fact and conclusions of law upon Diana's timely request for the same. Civ.R. 53(D)(3)(a)(ii) requires that a party requesting findings of fact and conclusions of law request the same within seven (7) days of the magistrate's decision being filed. The magistrate's decision was filed on August 17, 2011. (Doc. No. 15). Diana filed a motion requesting findings of fact

and conclusions of law on August 22, 2011, just five (5) days later. (Doc. No. 16). Despite her timely request, the trial court denied the motion. (Doc. No. 18).

**{¶16}** "The purpose of separate conclusions of law and facts is to enable a reviewing court to determine the existence of assigned error." *Kimbel v. Clark*, 9th Dist. No. Civ.A. 22647, 2005-Ohio-6741, ¶8, citing *Orlow v. Vilas* (1971), 28 Ohio App.2d 57, 59, 274 N.E.2d 783. "If a request for findings of fact and conclusions of law is made, a magistrate must include findings of fact and conclusions of law in its decision, or file an amended decision incorporating them if the magistrate's decision has already been filed." *Burke v. Brown*, 4th Dist. No. 01CA731, 2002-Ohio-6164, ¶21, citing *In re Chapman* (Apr. 21, 1997), 12th Dist. No. CA96-07-127. A magistrate's failure to issue findings of fact and conclusions of law when timely requested can constitute reversible error. *Clark*, 2005-Ohio-6741, at ¶8. See, also, *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 173, 492 N.E.2d 146 (The trial court has a mandatory duty under Civ.R. 52 to issue findings of fact and conclusions of law upon request timely made.); *Werden v. Crawford* (1982), 70 Ohio St.2d 122, 124, 435 N.E.2d 424 (same). However, a magistrate's failure to issue findings of fact and conclusions of law upon timely request does not constitute reversible error when the magistrate's decision substantially complies with Civ.R. 53(D)(3)(a)(ii). See *Truex v. Truex*, 179 Ohio App.3d 188, 2008-Ohio-5690, 901 N.E.2d 259, ¶27, citing *Strah v. Lake Cty.*

*Humane Soc.* (1993), 90 Ohio App.3d 822, 836, 631 N.E.2d 165 (analyzing a trial court's failure to issue findings of fact and conclusions of law under analogous Civ.R. 52). A magistrate's decision substantially complies with Civ.R. 53(D)(3)(a)(ii) when the contents of the decision, considered together with other parts of the record, form an adequate basis upon which to decide the narrow legal issues presented. See id., citing *Crawford*, 70 Ohio St.2d at 124 (substantial compliance under Civ.R. 52) and *Abney v. W. Res. Mut. Cas. Co.* (1991), 76 Ohio App.3d 424, 431, 602 N.E.2d 348 (same).

{¶17} Under "findings of fact" on the magistrate's decision (Form 10.01-I), the magistrate sub judice wrote, "SUFFICIENT EVIDENCE EXISTS TO GRANT A CIVIL PROTECTION ORDER." (Doc. No. 15). Aside from the fact that this statement is not a "finding of fact" but a "conclusion of law," we cannot conclude that this statement, together with the available trial record, provides an adequate basis for appeal; and therefore, the magistrate did not substantially comply with Civ.R. 53(D)(3)(a)(ii) in this case. Consequently, we conclude that the magistrate's failure to provide Diana with findings of fact and conclusions of law upon her timely request under Civ.R. 53(D)(3)(a)(ii) constitutes reversible error.

{¶18} Since the trial court approved and adopted a magistrate's decision that failed to comply with Civ.R. 53(D)(3)(a)(iii), and the magistrate erroneously

denied respondent-appellant's timely filed motion for finding of facts and conclusions of law, we reverse the trial court's decision.

{¶19} Diana's assignment of error is, therefore, sustained.

{¶20} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for the magistrate to issue findings of fact and conclusions of law so respondent-appellant can file objections to the magistrate's decision.

*Judgment Reversed and*
*Cause Remanded*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**