[Cite as *Keller v. Keller*, 2012-Ohio-4029.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CONSTANCE KELLER

    Appellee

    v.

MARY KELLER

    Appellant

C.A. No.     25967

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2011-04-1066

DECISION AND JOURNAL ENTRY

Dated: September 5, 2012

CARR, Judge.

{¶1} Appellant, Mary Keller, appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses.

I.

{¶2} On April 12, 2011, Constance Keller ("Daughter") filed for a petition for a domestic civil protection order against her mother, Mary Keller ("Mother"). In her petition, Daughter noted that there was a criminal case pending against Mother in the Akron Municipal Court in which Mother was charged with menacing by stalking and domestic violence menacing. The trial court issued an ex parte domestic violence civil protection order, and scheduled the matter for a full hearing before a magistrate on April 26, 2011. After the full hearing, on May 11, 2011, the magistrate granted the five-year protection order. The trial court subsequently adopted and approved the magistrate's decision.

{¶3} Mother has appealed and raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE EVIDENCE AT THE HEARING WAS INSUFFICIENT TO SUPPORT THE FINDING FOR AN ORDER OF PROTECTION, AND [] THE [CIVIL] PROTECTION ORDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶4}** In her sole assignment of error, Mother argues that the trial court's decision to issue a civil protection order was not supported by sufficient evidence and was against the manifest weight of the evidence.

**{¶5}** Sup.R. 10.01(C) provides:

In every case in which the domestic relations division of a court of common pleas issues or approves an ex parte civil protection order, a full hearing civil protection order, or a consent agreement pursuant to section 3113.31 of the Revised Code, the court shall use, as applicable, forms that are *substantially similar* to "Forms 10.01-H through 10.01-J."

(Emphasis added). Civ.R. 53(D)(3)(a)(i), provides that "a magistrate shall prepare a magistrate's decision respecting any matter referred under Civ.R 53(D)(1)." With respect to the form of a magistrate's decision, Civ.R. 53(D)(3)(a)(iii) states:

A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

"R.C. 3113.31(G) explains that the Ohio Rules of Civil Procedure apply to proceedings for civil protection orders. Consequently, these proceedings may be heard by a magistrate as provided by Civ.R. 53." *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049-M, 2009-Ohio-3139, ¶ 10. This Court has previously examined the various forms referenced in Sup.R. 10.01(C), including Form 10.01-I, which is the Order of Protection recommended by the Supreme Court of Ohio. *Id*. at ¶ 7

- 11. Form 10.01-I contemplates magistrates hearing domestic violence civil protection petitions and specifically provides a "space for the signature of a magistrate and, immediately to the right of the magistrate's signature line, a second signature line for the judge beneath the phrase 'APPROVED AND ADOPTED.'" *Id*. at ¶ 10. While Form 10.01-I provides the magistrate with an opportunity to make factual findings and draw legal conclusions, the form as written does not comply with the notice requirements in Civ.R. 53(D)(3)(a)(iii) in that it (1) fails to designate the decision as a "magistrate's decision" in the case caption; and (2) fails to give the parties conspicuous notice of the consequences of failing to object within fourteen days.

{¶6} In the present case, a full hearing on Daughter's petition for a domestic violence civil protection order was held before a magistrate on April 26, 2011. Both Daughter and Mother testified at the hearing and offered sharply conflicting testimony regarding the events which preceded Daughter's decision to file her petition. On May 11, 2011, the trial court utilized Form 10.01-I to issue a five-year domestic violence civil protection order against Mother. In the order, the magistrate made factual findings and concluded that the issuance of a civil protection order was necessary pursuant to R.C. 3113.31. Notably, the order neither specifically indicated that it was a "magistrate's decision" in the caption, nor did it provide Mother with notice that she had a fourteen-day window to file objections. Mother subsequently filed a praecipe for the court reporter to prepare a hearing transcript. Unlike the circumstances this Court confronted in *Tabatabai*, however, Mother did not file objections to the magistrate's decision. Instead, Mother simply filed a notice of appeal on June 7, 2011.

{¶7} Generally, under Civ.R. 53(D)(3)(b)(iv), a party is prohibited from assigning as error on appeal the court's adoption of any factual finding or legal conclusion unless the party filed a specific objection to that finding or conclusion. This Court has held that the failure to file

objections to a magistrate's decision granting a domestic violence civil protection order results in forfeiture of all but plain error on appeal. *See Swartz v. Swartz*, 9th Dist. No. 11CA0057-M, 2011-Ohio-6685, ¶ 7. However, this Court has also held that parties should not suffer the consequences of the forfeiture rule when the magistrate's decision fails to notify the parties of the need to file objections in order to preserve issues for appeal pursuant to Civ.R. 53(D)(3)(a)(iii). *Ulrich v. Mercedes-Benz USA, L.L.C.*, 9th Dist. No. 23550, 2007-Ohio-5034, ¶ 15. In cases where the magistrate's decision does not notify the parties of need to file objections, the appropriate remedy is for this court to reverse and remand the matter to the trial court for the magistrate to prepare a decision which complies with Civ.R. 53(D)(3)(a)(iii), giving the parties an opportunity to file timely objections. *Id.* at ¶ 16. In this case, Mother was not provided with notice that she had to file objections to the magistrate's decision within fourteen days. Thus, we conclude that this matter must be remanded so that Mother is provided with an opportunity to file timely objections to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b). To the extent that Mother was not given notice of the fourteen-day window to file objections to the magistrate's decision, her sole assignment of error is sustained.

### III.

{¶8} Mother's first assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division is reversed and the case remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
CONCURS.

MOORE, J.
DISSENTING.

{¶9} I agree with most of the majority's opinion. However, I would not remand this matter to the trial court. Therefore, I respectfully dissent.

{¶10} I agree with the majority's conclusion that Form 10.01-I "as written does not comply with the notice requirements in Civ.R. 53(D)(3)(a)(iii)[.]" The Third and Fifth Districts have also recognized the apparent discord between Form 10.01-I and Civ.R. 53. In *Larson v. Larson*, 3d Dist. No. 13-11-25, 2011-Ohio-6013, the Third District reviewed a magistrate's decision which was issued on this form. *Id.* at ¶ 4. There, the appellant raised one assignment of

error, arguing that the magistrate's decision did not comply with Civ.R. 53. *Id.* at ¶ 7. The Third District agreed that form 10.01-I as written does not comply with Civ.R. 53 because the caption of the form does not denote that the decision is a "magistrate's decision," and it "lacks any warning to the parties of the consequences of failing to file objections[.]" *Id.* at ¶ 10-11, citing Civ.R. 53(D)(3)(a)(iii). In determining the remedy for the error, the *Larson* Court noted, "If a magistrate fails to provide the parties with notice of the requirement to file objections, the aggrieved parties, at a minimum, are relieved from Civ.R. 53(D)(3)(b)(iv)'s waiver rule and are permitted to raise their arguments for the first time on appeal." (Citations omitted.) *Id.* at ¶ 14. Because the appellant's argument on appeal was procedural and because the procedural error resulted in the magistrate's failure to issue findings of facts and conclusions of law after the appellant had requested them, in contravention to Civ.R. 53(D)(3)(a)(ii), the *Larson* Court determined that remand was appropriate. *Id.* at ¶ 14-15.

**{¶11}** However, in *Calzo v. Lynch*, 5th Dist. No. 11CA45, 2012-Ohio-1353, the appellant also argued that a magistrate's decision issued on Form 10.1-I did not comport with Civ.R. 53, but he further argued that the evidence did not support the conclusion that the appellant had engaged in menacing by stalking or domestic violence. The Fifth District agreed that Form 10.1-I as written does not comply with Civ.R. 53, but it did not remand the matter. Instead, the Fifth District noted that the Third District had remanded *Larson* in part because "the appellant's sole assignment of error was the failure to abide by Civ.R. 53." *Calzo* at ¶ 35. The Fifth District further distinguished *Larson* by noting that in *Calzo* "the magistrate issued findings of fact and conclusions of law with the Order of Protection, obviating the need to remand the decision for further proceedings as was required in *Larson*." *Calzo* at ¶ 37.

**{¶12}** Likewise, here, the magistrate set forth his findings of fact, which are included on page two of the Civil Protection Order. *Compare Larson* at ¶ 17 (noting that under "findings of fact" magistrate wrote only that "SUFFICIENT EVIDENCE EXISTS TO GRANT A CIVIL PROTECTION ORDER" (Capitalization sic.)). "The purpose of separate conclusions of law and facts is to enable a reviewing court to determine the existence of assigned error." *Id.* at ¶ 16, quoting *Kimbel v. Clark*, 9th Dist. No. 22647, 2005-Ohio-6741, ¶ 8, citing *Orlow v. Vilas*, 28 Ohio App.2d 57, 59 (1st Dist. 1971).

**{¶13}** I acknowledge that this court has remanded matters where the underlying magistrate's decision failed to comport with the notice requirements of Civ.R. 53. *See Ulrich v. Mercedes-Benz*, USA, LLC, 9th Dist. No. 23550, 2007-Ohio-5034. However, where, as here, the magistrate's decision was issued on a form adopted by the Supreme Court pursuant to Sup.R. 10.01(C), I disagree that remand is necessarily appropriate, especially where there exist no impediments to our review of the merits of appellant's argument. I believe that a remand under these circumstances may dissuade trial courts from utilizing these forms, or may encourage them to alter the forms in such a way as to thwart the underlying purpose of uniformity that the forms in part were created to serve. *See Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049-M, 2009-Ohio-3139, ¶ 7-9 ("the concise, uniform nature of the [forms] enables agencies that receive notice to verify the validity and terms of a civil protection order efficiently and to act in furtherance of the order without unnecessary delay or confusion"). *See also Calzo* at ¶ 36-51 (reaching merits of appellant's assignments of error after noting that relieving the party of the forfeiture rule under these circumstances "is supported by both the rationale for adoption of the forms under Sup.R. 10.01 and the dictates of Civ.R. 53").

{¶14} Accordingly, because I cannot discern an impediment to our review of the merits of Mother's assignment of error and because she has not forfeited her argument for the purposes of appeal, I would proceed to address her assignment of error on its merits. On the merits, I would affirm the trial court's order because it is supported by sufficient evidence, and it is not against the manifest weight of the evidence.

APPEARANCES:

GEORGE C. PAPPAS, Attorney at Law, for Appellant.

PAUL E. ZINDLE, Attorney at Law, for Appellee.