[Cite as *Cooper v. Cooper*, 2014-Ohio-4991.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### MARION COUNTY

NATASHA COOPER NKA FRILEY,

     PLAINTIFF-APPELLANT,          CASE NO.  9-13-62

     v.

MICHAEL COOPER, II,               O P I N I O N

     DEFENDANT-APPELLEE.

NATASHA COOPER NKA FRILEY,

     PLAINTIFF-APPELLANT,          CASE NO.  9-13-64

     v.

MICHAEL COOPER, II,               O P I N I O N

     DEFENDANT-APPELLEE.

**Appeals from Marion County Common Pleas Court
Family Division
Trial Court No. 2005PC0248 and 2005PC0249**

**Judgments Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision:   November 10, 2014**

APPEARANCES:

    *Jeff Ratliff* **for Appellant**

    *Michael Anthony Cooper, II,*  **Appellee**

**WILLAMOWSKI, P.J.**

{¶1} This appeal concerns custody of two minor children of Plaintiff-appellant, Natasha Cooper n.k.a. Natasha Friley ("Natasha"), and Defendant-appellee, Michael Cooper ("Michael"). Natasha brings this consolidated appeal from the judgments of the Court of Common Pleas for Marion County, Ohio, Family Division, granting Michael's Motion to Reallocate Parental Rights and Responsibilities. For the reasons that follow, we affirm in part and reverse in part the trial court's judgments.

{¶2} On June 15, 2011, Natasha and Michael entered into a Shared Parenting Plan, under which Natasha was designated "the residential parent for school placement and registration purposes." (R.[1] at 60.) Michael was ordered to pay child support. (*Id.*) On March 25, 2013, Michael filed a Motion to Reallocate Parental Rights and Responsibilities. (R. at 71.) Following a hearing on the matter before the magistrate of the trial court, the magistrate recommended granting Michael's motion, on August 6, 2013. (R. at 88.) The trial court adopted the magistrate's decision on August 23, 2013, thus terminating the shared parenting plan, designating Michael as the residential parent and legal custodian of the parties' minor children, and ordering Natasha to pay child support. (R. at 89.)

{¶3} Natasha now appeals raising the following assignments of error.

---

[1] The relevant pleadings are the same in the two trial court cases appealed here. Therefore, for simplicity, we cite to the filings in the trial court case number 05-PC-248 only.

**ASSIGNMENT OF ERROR NUMBER ONE**

**The Magistrate failed to follow the requirements of Civ. R. 53(D)(3)(a)(iii), which states that a magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b).**

**ASSIGNMENT OF ERROR NUMBER TWO**

**The trial court failed to conduct a *de novo* independent review of the Magistrate's Decision dated August 6, 2013.**

**ASSIGNMENT OF ERROR NUMBER THREE**

**The trial court failed to appropriately advise Plaintiff-Appellant of her right to proceed with an attorney at the final hearing, or allow for a continuance in order to seek representation.**

*First Assignment of Error—*
*Compliance with Civ.R. 53(D)(3)(a)(iii)*

**{¶4}** In the first assignment of error, Natasha challenges the magistrate's decision as defective due to noncompliance with Civ.R. 53(D)(3)(a)(iii), which states:

> A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

Civ.R. 53. The requirement that the magistrate's decision includes the "conspicuous" notice serves to warn the parties of the consequences of failing to

file objections—bar from assigning errors to the magistrate's findings and conclusions on appeal. *See State ex rel. Johnson v. Ryan*, 127 Ohio St.3d 267, 2010-Ohio-5676, 939 N.E.2d 146, ¶ 3; *Williams v. Ormsby*, 9th Dist. Medina No. 09CA0080-M, 2010-Ohio-3666, ¶ 12.

**{¶5}** The decision of the magistrate in this case included the following language with respect to the Civ.R. 53 notice requirement.

> NOTICE OF RIGHT TO OBJECT TO DECISION OF MAGISTRATE
>
> You are hereby notified that pursuant to Ohio Civil Rule 53 (E)(2)[2] you have the right to file and serve objections to the Magistrate's Decision within fourteen (14) days of the filing of the Decision. If either party timely files objections, the other party may file and serve objections within ten (10) days of the date on which the first objections were filed, or within the time otherwise prescribed by this rule, whichever period expires last. The objections shall be considered a motion. Objections shall be specific and state with particularity the grounds of the objection. Upon consideration of the objections, the Court may adopt, reject, or modify the Decision; hear additional evidence; return the Decision to the Magistrate with instructions, or hear the matter itself.

(R. at 88, at 7.)

**{¶6}** Natasha asserts that the language employed by the magistrate in this case is insufficient under Civ.R. 53(D)(3)(a)(iii). Her challenge, and thus, the issue before us concerns the interpretation and application of a civil rule. *See*

---

[2] Civ.R. 53 was amended in 2006, resulting in removal of subsection (E), which is now reorganized as part of subsection (D). *See Donofrio v. Whitman*, 191 Ohio App.3d 727, 2010-Ohio-6406, 947 N.E.2d 715, ¶ 41 (7th Dist.). Therefore, the magistrate's Notice referred to a nonexistent subsection of Civ.R. 53.

*Larson v. Larson*, 3d Dist. Seneca No. 13-11-25, 2011-Ohio-6013, ¶ 8.  Therefore, it presents a question of law, which we review de novo.  *Id.*

**{¶7}** We agree with Natasha's assertion that the language employed by the magistrate in this case lacks the warning required by Civ.R. 53(D)(3)(a)(iii), because although it informs Natasha about her right to file objections, it fails to warn her of the consequences of the failure to file objections.  Therefore, the waiver language, required under Civ.R. 53(D)(3)(a)(iii), is lacking.  *See Larson* at ¶ 14 (holding that the magistrate failed to comply with Civ.R. 53(D)(3)(a)(iii) where its decision failed "to give the parties notice of the consequences of their failure to object within fourteen days"); *see also OSI Funding Corp. v. Huth*, 5th Dist. Tuscarawas No. 06AP120068, 2007-Ohio-5292, ¶ 19-29 (finding defective the magistrate's decision that lacked "the statutory waiver language as required by Civ. R. 53(D)(3)(a)(iii)").

**{¶8}** In *Larson*, we held that "[i]f a magistrate fails to provide the parties with notice of the requirement to file objections, the aggrieved parties, at a minimum, are relieved from Civ.R. 53(D)(3)(b)(iv)'s waiver rule and are permitted to raise their arguments for the first time on appeal." ¶ 14.  But where, as here, the aggrieved party "did not raise any arguments on appeal except for the magistrate's failure to abide by Civ.R. 53(D)(3)(a)(iii)," the appropriate remedy is to reverse the trial court's decision so that the party can have an opportunity to file objections to the magistrate's findings of fact and conclusions of law.  *Id.*; *see also*

Keller *v. Keller*, 9th Dist. Summit No. 25967, 2012-Ohio-4029, ¶ 7 ("In cases where the magistrate's decision does not notify the parties of need to file objections, the appropriate remedy is for this court to reverse and remand the matter to the trial court for the magistrate to prepare a decision which complies with Civ.R. 53(D)(3)(a)(iii), giving the parties an opportunity to file timely objections."); *OSI Funding Corp.* at ¶ 28 (holding that "the absence of this language from the Magistrate's Decision warrants reversal of the trial court's approval and adoption of such").

{¶9} Therefore, we sustain the first assignment of error and reverse the trial court's judgment so Natasha can have an opportunity to file objections to the magistrate's decision.

### Second Assignment of Error—Independent Review of the Magistrate's Decision by the Trial Court

{¶10} In this assignment of error, Natasha alleges that "[t]he trial court failed to conduct a *de novo* independent review of the Magistrate's Decision dated August 6, 2013." (App't Br. at 12.) We need not address Natasha's claim at this time, however, because in light of our holding in the first assignment of error, the trial court's judgment entry, reviewing and adopting the magistrate's decision, is vacated. This assignment of error is thus moot.

***Third Assignment of Error—***
***Natasha's Request for Counsel***

**{¶11}** In her last assignment of error, Natasha claims surprise and prejudice stemming from the fact that the magistrate, or the trial court, did not inform her of an opportunity to obtain an attorney to assist her in the matter. (App't Br. at 17.) Nevertheless, she admits that she "mistakenly thought she was able to represent herself," and only later "realized that she was not capable to do so." (Reply Br.) She further complains that the magistrate should have granted her continuance to obtain an attorney when she stated, at the end of the hearing, "I feel like I need to get me an attorney," and "I would just like to have an attorney for this." (*See* Tr. at 142, 144.)

**{¶12}** Natasha cites no law in support of this assignment of error, while our review of Ohio law weighs against her arguments. In *Moore v. Moore*, an appellant argued that "the trial court did not 'protect the integrity of the trial process' by permitting appellant to represent himself at trial without warning him of the dangers of self-representation." 10th Dist. Franklin No. 03AP-334, 2003-Ohio-5579, ¶ 3. The Tenth District Court of Appeals noted that it was not aware "of any obligation imposed on a trial court to warn a party in a civil case as to the 'disadvantages' and 'pitfalls' of proceeding pro se." *Id.* at ¶ 5. Similarly, the court was not aware "of any obligation imposed on a trial judge to appoint counsel for a pro se litigant in a civil trial who fails or refuses to retain counsel." *Id.* at ¶ 4.

We are also not aware of any mandate that would require the magistrate or the trial court in this case to inform Natasha "that [she] had an opportunity to have an attorney present to represent her." (*See* App't Br. at 17.)

**{¶13}** Natasha was no stranger to the Family Court, having been involved in proceedings over the parenting of her minor children since July 2005. (*See* R. at 1, Compl.) Throughout that time, she has been represented by attorneys. (*See. e.g.*, R. at 19, Notice of Appearance of Counsel; R. at 60, Agreed J. Entry.) Although Natasha was represented by an attorney in June 2011, when the parties entered the shared parenting agreement (*see* R. at 60), she did not retain an attorney for the most recent dispute, concerning Michael's Motion to Reallocate Parental Rights and Responsibilities.

**{¶14}** At the beginning of the hearing concerning Michael's motion, the magistrate asked Natasha, "Ms. Friley? You prepared to go forward here today?" Natasha responded, "Yep." (Tr. at 1.) The magistrate then explained,

> I do need to—and I normally do when anyone represents themselves, I just advise them that I'm required to follow the Rules of Evidence and I need to—I am required to hold you to the same standard I would if you were an attorney. So, I'll try to help you out the best that we can in terms of—of representing yourself. However, I can't—I can't assist you. Do you understand that?

(Tr. at 2.) Natasha responded, "Okay." (*Id.*) In light of these facts, we are unable to find that Natasha was surprised or prejudiced by the magistrate's failure to

explain the right to be represented by an attorney at the final hearing concerning reallocation of parental rights and responsibilities.

**{¶15}** At the very end of the hearing, after presentation of all the witnesses had been concluded, and upon the magistrate's question whether she wanted to submit exhibits, Natasha remarked, "I feel like—I feel like I need to get me an attorney." (Tr. at 142.) After she rested her case, Natasha again remarked, "I would just like to have an attorney for this--." (Tr. at 144.) The magistrate responded, "It's—the Final Hearing's today. We just had the Hearing." (*Id.*) Natasha asserts that her comments, made at the conclusion of the final hearing, constituted a request for continuance and that the magistrate erred by denying the continuance.

**{¶16}** Nevertheless,

[i]t is well established under Ohio law that the decision to grant or deny a continuance lies within the sound discretion of the trial court. Thus, the trial court's final decision will not be reversed on appeal absent an abuse of discretion. An abuse of discretion has been defined as a decision that is unreasonable, arbitrary or unconscionable, rather than a mere error in judgment.

*Burton v. Burton*, 132 Ohio App.3d 473, 475, 725 N.E.2d 359 (3d Dist.1999), citing *State v. Lorraine*, 66 Ohio St.3d 414, 423, 613 N.E.2d 212 (1993), *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981), *and Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When reviewing the magistrate's decision on a motion for continuance we apply "a balancing test,

weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party." *Id.* at 476. There are several factors to be considered when determining whether the decision to grant or deny a continuance was proper. Those factors include: "the length of the delay requested; whether previous continuances have been granted; the inconvenience to the parties, witnesses, attorneys and the court; whether the request is reasonable or purposeful and contrived to merely delay the proceedings; and whether the movant contributed to the circumstances giving rise to the request." *Id.* Natasha fails to point to any factors that would favor reversal or show that the magistrate abused his discretion in denying the "request for continuance" made at the conclusion of the hearing.

{¶17} Michael's motion was filed on March 25, 2013. (R. at 71.) The final hearing on this issue was initially scheduled for May 31, 2013, but upon Natasha's motion for continuance, filed on April 23, 2013, the hearing was rescheduled to July 18, 2013. (*See* R. at 82, 84.) Thus, Natasha was aware of Michael's filing in April 2013, at the latest, when she filed her first request to continue, and she had almost three months to retain counsel prior to the final hearing. Natasha does not allege that she attempted to or desired to seek counsel at any time prior to the conclusion of the hearing. At the beginning of the hearing, she stated that she was prepared to proceed and did not express any concerns about a lack of representation. Therefore, it appears to have been her conscious decision to

proceed without counsel and as such, she had contributed to the circumstances of which she now complains. Furthermore, the request made at the conclusion of the hearing was not reasonable, considering that all the evidence had been presented and the parties had already rested. Repeating the entire process would likely have caused inconvenience upon the parties and the court.

{¶18} In *Moore*, the Tenth District Court of Appeals reviewed a similar scenario, where the appellant chose to proceed pro se but, "after all of the evidence had been presented," the appellant "indicated he thought he may need an attorney." 10th Dist. Franklin No. 03AP-334, 2003-Ohio-5579, at ¶ 6. The court of appeals held that such a request for continuance to obtain an attorney at the end of the hearing "was untimely," and the trial court did not err in denying it. *Id.* at ¶ 8.

> In the present case, appellant had over three weeks to obtain an attorney and could have requested a continuance much earlier than after the trial had concluded. His untimely request would have greatly inconvenienced the parties, given the trial was already over and all of the evidence had already been presented. Importantly, our review of the record supports the proposition that appellant voluntarily and with full knowledge proceeded to trial without an attorney. We have no doubt that appellant was able to decide for himself whether he wished to be represented, and he simply believed he could competently proceed on his own. His realization that he may have benefited from the assistance of an attorney came much too late. Under these circumstances, appellant cannot complain at the very late stages of the proceeding that he desired counsel.

*Id.* at ¶ 9, 11.

{¶19} Based upon our review of the record and the case law on topic, we cannot conclude that the magistrate abused his discretion in not granting continuance upon Natasha's "request" for an attorney made at the conclusion of the final hearing on the matter. The third assignment of error is overruled.

*Conclusion*

{¶20} Having reviewed the arguments, the briefs, and the record in this case, we find error prejudicial to Appellant in the particulars assigned and argued in the first assignment of error. The judgments of the Court of Common Pleas for Marion County, Ohio, Family Division, are therefore affirmed in part and reversed in part. This matter is remanded to the trial court with instructions to cause the magistrate's decision to be reissued with the proper Civ.R . 53(D)(3)(a)(iii) waiver language, allowing for Plaintiff-appellant to file any objections she may have thereto.

***Judgments Affirmed in Part,***
***Reversed in Part and***
***Cause Remanded***

**SHAW and PRESTON, J.J., concur.**

**/jlr**