[Cite as *Taylor v. Taylor*, 2017-Ohio-1424.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CHRISTINA TAYLOR | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| JEFFERY S. TAYLOR, JR. | Case No. 2016 CA 0008 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2014 DR 0094


JUDGMENT:                                   Affirmed


DATE OF JUDGMENT ENTRY:      April 13, 2017


APPEARANCES:

For Plaintiff-Appellee                       For Defendant-Appellant

NO APPEARANCE                          CLIFFORD C. SPOHN
                                                    144 East Center Street
                                                    Marion, Ohio  43302

*Wise, John J.*

{¶1} Defendant-Appellant Jeffery S. Taylor, Jr. appeals the decision of the Court of Common Pleas, Morrow County, which granted a post-decree motion to modify parenting time and child support.[1] Plaintiff-Appellee is Christina Taylor, appellant's former spouse. She has not filed a brief in this matter. The relevant facts leading to this appeal are as follows.

{¶2} Appellant Jeffrey and Appellee Christina were married on May 20, 2006. Two children were born of the marriage: J.T. (born in 2009) and K.T. (born in 2013).

{¶3} On March 27, 2014, Appellee Christina filed a complaint for divorce in Morrow County. A final decree of divorce was issued by the trial court on March 11, 2015. The decree incorporated a shared parenting plan, albeit with the majority of the parenting time going to Appellee Christina, who was designated residential parent of J.T. and K.T. for school purposes. Among other things, appellant was ordered to pay child support of $284.05 per month per child (when health insurance is provided) or $238.76 per month per child plus cash medical support (when health insurance is not provided). The residence on State Route 95 in Edison, Ohio was found to be non-marital property. The trial court, in the decree, also recognized that appellant at that time was paying no rent, mortgage, or car payments, but that appellee "now has to locate suitable housing for herself and the children." Decree at para. 10.

{¶4} On April 30, 2015, appellee filed *inter alia* a post-decree motion to modify appellant's parenting time, indicating that she had plans to relocate to Blacklick, Ohio.

---

[1] On the cover of his brief, appellant incorrectly lists himself as the plaintiff at the trial court level.

Appellee filed a response on June 1, 2015, asserting therein that this move would result in a 53-mile drive each way for parenting time.

{¶5} The motion was first heard by a magistrate on August 7, 2015. Mediation was ordered, and a final hearing to the magistrate was scheduled for October 6, 2015, and then continued until November 17, 2015. A magistrate's order was issued on that date, stating that all issues had been resolved via mediation except for child support. The magistrate therefore ordered both parties to submit their 2014 and 2015 income information, "including all W-2s and tax returns for 2014."

{¶6} On February 23, 2016, a follow-up magistrate's decision was issued. The magistrate therein modified child support to $595.71 per month per child (when health insurance is provided) or $460.22 per month per child plus cash medical support (when health insurance is not provided).

{¶7} Appellant filed an objection to the magistrate's decision on March 3, 2016, challenging the computation of child support and arguing that his counsel had not been provided copies of the financial information submitted by appellee to the magistrate. Appellant also challenged the costs of day care claimed by appellee. As a result, the trial court remanded the matter to the magistrate for a hearing, which took place on May 5, 2016.

{¶8} On May 6, 2016, the magistrate issued her decision following remand. She therein recommended child support to be set at $509.09 per month per child (when health insurance is provided) or $380.50 per month per child plus cash medical support (when health insurance is not provided).

**{¶9}**   On May 13, 2016, appellant requested findings of fact and conclusions of law from the magistrate.

**{¶10}** On June 10, 2016, the trial court approved and adopted the magistrate's decision; however, appellant was not provided with any additional facts or law other than the content of the magistrate's May 6, 2016 decision, as the court found that said decision "already contained findings of fact and conclusions of law." Judgment Entry at 1.

**{¶11}** Appellant filed a notice of appeal on June 24, 2016. He herein raises the following four Assignments of Error:

**{¶12}** "I.  THE COURT ERRED IN NOT PROVIDING TO THE DEFENDANT THE FACTS SUPPORTING THE MAGISTRATE'S CONCLUSION THAT THE DEFENDANT'S EVIDENCE WAS NOT CREDITABLE.

**{¶13}** "II.   THE COURT'S CONCLUSIONS AS TO THE DEFENDANT'S CREDIBILITY IS NOT SUPPORTED BY THE RECORD.

**{¶14}** "III. THE COURT ERRED IN DEPARTING FROM ITS OWN COURT RULE (6) BY REQUIRING THE DEFENDANT TO ASSUME THE FULL BURDEN AND COSTS OF TRANSPORTING THE CHILDREN 224 MILES A WEEK WITHOUT ANY JUSTIFICATION OR EXPLANATION.

**{¶15}** "IV.  THE COURT ERRED IN CONSIDERING AS EVIDENCE FACTS SUPPOSEDLY SUBMITTED BY THE PLAINTIFF ON DECEMBER 11TH, 2015, WHEREIN SAID SUPPOSED FACTS ARE NOT IN THE RECORD AND THERE EXISTS NO PROOF OF SERVICE OF THEM ON THE DEFENDANT."

I.

{¶16} In his First Assignment of Error, appellant contends the trial court erred in failing to issue proper findings of fact and conclusions of law as requested by appellant. We disagree.

{¶17} Civ.R. 53(D)(3)(a)(ii) states in pertinent part as follows: "Subject to the terms of the relevant reference, a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law. A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision. ***."

{¶18} In its decision of June 10, 2016 adopting the magistrate's decision, the trial court stated *inter alia* as follows:

{¶19} "The defendant did request findings of fact and conclusions of law on May 13, 2016. However, the Magistrate's Decision already contained findings of fact and conclusions of law. The Court adopts the findings of fact and conclusions of law contained in the Magistrate's Decisions of February 23, 2016 and May 6, 2016."

{¶20} Judgment Entry, June 10, 2016 at 1.

{¶21} A magistrate has a mandatory duty under Civ.R. 53 to issue findings of fact and conclusions of law if a party has made a timely request. *Thompson v. Cannon*, 12th Dist. Fayette No. CA2015-02-003, 2015-Ohio-2893, ¶ 11, citing *Burke v. Brown,* 4th Dist. Adams No. 01CA731, 2002–Ohio–6164, ¶ 21. However, a magistrate's failure to issue findings of fact and conclusions of law upon timely request does not constitute reversible error when the magistrate's decision substantially complies with Civ.R. 53(D)(3)(a)(ii). *Larson v. Larson,* 3rd Dist. Seneca No. 13–11–25, 2011–Ohio–6013, ¶ 16, citing *Truex v. Truex,* 179 Ohio App.3d 188, 2008–Ohio–5690, 901 N.E.2d 259, ¶ 27. Where a

request for findings of fact and conclusions of law is made, "[a] magistrate's decision substantially complies with Civ.R. 53(D)(3)(a)(ii) when the contents of the decision, considered together with other parts of the record, form an adequate basis upon which to decide the narrow legal issues presented." *Larson, supra.*

**{¶22}** Appellant's focus in this assigned error is on the question of appellant's compensation from his father, as it pertains to the modification of child support. In her decision of May 6, 2016, the magistrate had considered appellant's testimony "that [appellant] really does not receive free rent because he allows his father to retain rent from another property that he owns." Decision at 2. The magistrate specifically found this not to be credible. *Id.* The magistrate also made reference to appellant's father's affidavit stating certain rental property provided $7,155.00 in income in 2015. *Id.*[2]

**{¶23}** Upon review, we find the magistrate provided an adequate basis for her decision, and we therefore are not persuaded that the magistrate and/or trial court failed to properly comply with Civ.R. 53(D)(3)(a)(ii) in this instance.

**{¶24}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶25}** In his Second Assignment of Error, appellant contends the trial court's determinations as to his credibility were not supported by the record. We disagree.

**{¶26}** In her decision in the case *sub judice*, the magistrate imputed income to appellant in addition to his W-2 income. This was based on her attribution of $7,155.00

---

[2]    Our reading of the decision does not lead us to the conclusion that the magistrate treated the entire affidavit as a "falsehood," as appellant asserts in his brief under this assigned error. The affidavit states that the father "collected" the rent from the tenants; it does not reveal how the rental proceeds were treated post-collection.

in rental income to appellant. The magistrate also concluded appellant was the recipient of two benefits from his employer, his father. These benefits consisted of "free rent" in his father's house and the use of his father's company vehicles. Appellant notes that at the magistrate's hearing on May 5, 2016, he testified that he gave rental income from his own property to his father and, in return, was given the occupancy of another house which was owned by his father. Appellant also provided the aforementioned affidavit signed by his father which was stipulated as evidence in lieu of his testimony. *See* Tr. at 26-28. Appellant also testified that he used one of his girlfriend's automobiles for his personal use. *See* Tr. at 36, 41-43. Appellant urges that there was no opposing evidence or impeachment offered by appellee as to appellant's testimony or the father's affidavit. *See* Exhibit A. Appellant thus challenges the magistrate's findings as to the aforesaid evidence.

**{¶27}** The weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *Jacco & Assocs. Inc. v. HVAC, Inc.*, 5th Dist. Tuscarawas No. 2013 AP 03 0016, 2014-Ohio-128, ¶ 42, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. A trial court is in a much better position than an appellate court to weigh the evidence, because it views the witnesses, and observes their demeanor, gestures, and inflections. *See Seasons Coal Company v. Cleveland* (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273. The fact finder is free to believe all, part, or none of the testimony of each witness. *See State v. Caldwell* (1992), 79 Ohio App.3d 667, 679, 607 N.E.2d 1096. Therefore, a judgment supported by competent and credible evidence going to all the elements of the case generally will not be disturbed by a reviewing court. *See Singhaus*

*v. Zumbar*, 5th Dist. Tuscarawas No. 2015AP020007, 2015-Ohio-4755, ¶ 13, citing *Masitto v. Masitto* (1986), 22 Ohio St.3d 63, 488 N.E.2d 857.

**{¶28}** Upon review, we find the magistrate acted within her discretion in assessing the credibility of appellant's claimed arrangements as to his additional income. Furthermore, we have recognized that "[t]he definitions of income under R.C. 3119.01 are broad and expansive to protect the child's best interests." *Vonderhaar–Ketron v. Ketron,* 5th Dist. Fairfield No. 10 CA 22, 2010–Ohio–6593, ¶ 48, citing *Bishop v. Bishop,* 4th Dist. Scioto No. 03CA2908, 2004–Ohio–4643, ¶ 16 (additional citation omitted).

**{¶29}** Accordingly, appellant's Second Assignment of Error is overruled.

III.

**{¶30}** In his Third Assignment of Error, appellant contends the trial court erred in requiring him to assume the costs of transporting the children for visitation. We disagree.

**{¶31}** When making its determinations in custody or visitation cases, the trial court, as the trier of fact, must be given wide latitude to consider all issues. *Heckel v. Heckel*, 12th Dist. Butler No. CA99-12-214, 2000 WL 1279171. According to paragraph 6 of the Morrow County local rules of practice, "the parties shall divide the transportation equally." Appellant concedes that the rules allow for deviation by the trial court, but he maintains the shifting of full transportation costs to him was capricious.

**{¶32}** In the case *sub judice*, the original divorce decree iterated that appellee "now has to locate suitable housing for herself and the children." *See* Decree at para. 10. In other words, due to the parties' residence during the latter part of the marriage being declared non-marital property and appellee having to move in with her parents during the time of the divorce, appellee was not afforded the continuation of living in the

marital residence. She thereafter planned a move to Blacklick, Ohio, about fifty miles away from appellee, based on a job transfer to the Columbus area. During the post-decree litigation, the magistrate, with subsequent approval by the trial court, appears to have derived her decision on transportation costs for the mid-week visits based on these circumstances, as well as her finding that appellant has the use of vehicles purchased and sold in his father's business.

**{¶33}** Upon review, we find no reversible error in the trial court's order regarding transportation costs under the facts and circumstances presented.

**{¶34}** Appellant's Third Assignment of Error is overruled.

IV.

**{¶35}** In his Fourth Assignment of Error, appellant contends the trial court erred in considering financial information not entered in the record or provided to him or his counsel. We disagree.

**{¶36}** Magistrates have the authority to enter orders (as opposed to "decisions") without judicial approval "if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." Civ.R. 53(D)(2)(a)(i). Furthermore, if a party does not move to set aside a magistrate's order, that party waives a challenge to that order on appeal. *J & B Fleet Indus. Supply, Inc. v. Miller*, 7th Dist. Mahoning No. 09MA173, 2011-Ohio-3165, ¶ 32, citing *Nettle v. Nettle,* 9th Dist. Summit No. 25001, 2010–Ohio–4638, ¶ 13.

**{¶37}** In this instance, the magistrate's order of November 17, 2015, which was additionally approved via signatures by both parties, directed appellant and appellee to submit their 2014 and 2015 financial information, "including all W-2s and tax returns for

2014." The magistrate then indicated she would consider same and issue a decision on modified child support. No provision for discovery or formal presentation of the financial information was made in the order, and, although the present issue was tardily brought up in appellant's objection to the ensuing magistrate's decision of February 23, 2016, neither side filed a motion to set aside the magistrate's November 17, 2015 order under Civ.R. 53(D)(2)(b).

{¶38} We therefore find waiver applies to appellant's present argument. The Fourth Assignment of Error is overruled.

{¶39} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Morrow County, Ohio, is hereby affirmed.

By: Wise, John, J.

Delaney, P. J., and

Wise, Earle, J., concur.

JWW/d 0323