[Cite as *Gorski v. Gorski*, 2024-Ohio-2247.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JENNY GORSKI

    Appellee

    v.

JOSEPH GORSKI

    Appellant

C.A. No.     30935

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR 2022 03 0772

DECISION AND JOURNAL ENTRY

Dated: June 12, 2024

STEVENSON, Presiding Judge.

{¶1} Defendant-Appellant, Joseph Gorski ("Husband"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that granted the parties a divorce from one another, adopted the parties' separation agreement and shared parenting plan, and ordered Husband to pay child support. We reverse and remand for the Magistrate to prepare a decision which complies with Civ.R. 53(D)(3)(a)(iii).

I.

{¶2} Husband and Plaintiff-Appellee, Jenny Gorski ("Wife"), were married on August 24, 2012, and had two children, L.G. and H.G. In March 2022, Wife filed a complaint for divorce and Husband answered and filed a counterclaim. The parties executed an agreed separation agreement and shared parenting plan. The parties agreed that the Magistrate would calculate their child support obligations. The matter was heard by the Magistrate. The Magistrate then calculated the parties' child support obligations and issued a decision which was adopted by the trial court

and incorporated into the decree of divorce. The trial court ordered Husband to pay $457.51 per month.

**{¶3}** Husband timely appealed and asserts two assignments of error for review.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN ITS CALCULATION OF THE PARTIES' CHILD SUPPORT OBLIGATIONS[.]**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY FAILING TO INCLUDE THE VALUE OF MOTHER'S FREE HOUSING IN ITS CHILD SUPPORT CALCULATION WHERE THE UNREBUTTED EVIDENCE SHOWS THAT SHE LIVES IN A HOME WITH NO RENT OR MORTGAGE PAYMENT AND THE TRIAL COURT EXPRESSLY FOUND THAT SHE HAS THE FREE HOUSING**.

**{¶4}** "Generally, under Civ.R. 53(D)(3)(b)(iv), a party is prohibited from assigning as error on appeal the court's adoption of any factual finding or legal conclusion unless the party filed a specific objection to that finding or conclusion." *Keller v. Keller*, 9th Dist. Summit No. 25967, 2012-Ohio-4029, ¶ 7. In this case, Husband did not file an objection to the Magistrate's decision establishing child support.

> However, this Court has also held that parties should not suffer the consequences of the forfeiture rule when the magistrate's decision fails to notify the parties of the need to file objections in order to preserve issues for appeal pursuant to Civ.R. 53(D)(3)(a)(iii). In cases where the magistrate's decision does not notify the parties of need to file objections, the appropriate remedy is for this court to reverse and remand the matter to the trial court for the magistrate to prepare a decision which complies with Civ.R. 53(D)(3)(a)(iii), giving the parties an opportunity to file timely objections.

(Internal citations omitted.) *Id*.

**{¶5}** In this case, Husband was not provided with notice that he had to file written objections to the Magistrate's decision within fourteen days of the filing of the decision as set forth

in Civ.R. 53(D)(3)(b)(i). Thus, we conclude that this matter must be remanded so that Husband is provided with an opportunity to file timely objections to the Magistrate's decision pursuant to Civ.R. 53(D)(3)(b). *See Keller* at ¶ 7.

{¶6} As Husband was not given notice of the fourteen-day window to file objections to the Magistrate's decision, Husband's assignments of error are premature at this juncture and will not be addressed.

### III.

{¶7} Based on the foregoing, this matter is reversed and remanded for the Magistrate to issue a decision that notifies Husband he has fourteen days to file written objections to the decision.

Judgment reversed
and remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

No costs are taxed.

SCOT STEVENSON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

LESLIE S. GRASKE, Attorney at Law, for Appellant.

JENNY GORSKI, pro se, Appellee.